## 7289.  WILLAMON v. THE STATE.

A city-court solicitor was not disqualified to assist the solicitor-general in a prosecution in the superior court, based upon a difficulty between the defendant and the prosecutor, although the prosecutor was a defendant in pending accusations in the city court, growing out of the same difficulty, and had employed him to assist in the prosecution in the superior court.

DECIDED APRIL 17, 1916.

Indictment for assault with intent to murder; from Floyd superior court—Judge Wright.    February 1, 1916.

*Eubanks & Mebane,* for plaintiff in error.

*W. H. Ennis, solicitor-general,* contra.

BROYLES, J.    A difficulty occurred between Walter Willamon, the defendant in this case, and Roger Ray, the prosecutor.    The grand jury returned a true bill against Willamon for assault with intent to murder.    Willamon swore out warrants against Ray for assault and battery, carrying concealed weapons, and unlawfully pointing a pistol at another.    Ray had waived a preliminary trial

upon these charges and had been bound over to the city court of Floyd county, where these cases against him were pending when the trial of Willamon occurred in the superior court of Floyd county. When the latter case was called the solicitor of the city court of Floyd county announced to the court that he had been employed by Ray to assist the solicitor-general of the circuit in the prosecution of Willamon. The defendant objected to the solicitor of the city court appearing as a prosecuting attorney in the case, and asked the court to refuse to allow him to appear and prosecute the defendant, on the ground that if the solicitor should appear in the case and represent Ray, and prosecute the defendant, he would be thereafter disqualified from prosecuting Ray in the city court of Floyd county, and therefore that the appearance of the solicitor in this case was contrary to public policy; and further, that if the solicitor were allowed to appear in the case and represent Ray in the prosecution of the defendant, he (the solicitor), as the attorney at law of Ray, would of necessity secure confidential communications from him, and that the relation of attorney and client would prevent the solicitor from thereafter using any information derived from Ray, as evidence against him in the prosecution in the city court, and would thus prevent the prosecution in that court. The court overruled the motion and declined to prevent the solicitor of the city court from assisting in the prosecution of the case, and the defendant excepted.

We are not required to decide upon the propriety or "good taste" of the solicitor of the city court of Floyd county in accepting employment from one whom he would soon be called upon to prosecute in his own court. We can not, however, assume in advance that when that time arrives he will not do his full duty as a prosecuting officer of the State. And if in fact, as contended by the plaintiff in error, the solicitor, by reason of his acceptance of this employment from the prosecutor in this case, would be disqualified from thereafter prosecuting the latter in *another* case, we know of no law under which this point could be raised in *this* case. It would of necessity, if presented at all, have to be raised by the present prosecutor when put on trial in the city court. No one else would have the right to make the objection at that time, and certainly the plaintiff in error in this case can not make it now. The instant case, in its facts and in principle, differs widely from that of

*Nichols* v. *State,* 17 *Ga. App.* 593 (87 S. E. 817), cited by counsel for the plaintiff in error. In that case the defendant was indicted for perjury, and the *gravamen* of his complaint was that the solicitor-general (who was disqualified by reason of having a conditional fee in a pending civil suit for damages out of which the prosecution for perjury arose) appeared before the grand jury and *instituted* the prosecution against the defendant, and was largely instrumental in having a true bill for perjury returned against him. In other words, it was contended, at least impliedly, that if it had not been for the active efforts of the disqualified solicitor-general, the perjury proceeding against the defendant would never have been begun, and for this reason the court in that case was asked to quash the indictment. There is no such contention in the present case. It is not alleged that the solicitor of the city court instituted the prosecution against the defendant, or that he appeared before the grand jury, or that he had anything whatever to do with the finding of the true bill against the defendant; the only complaint being that he assisted in the prosecution before the petit jury, after the indictment had been found.

The verdict was authorized by the evidence, no error of law appears, and the court did not err in overruling the motion for a new trial. *Judgment affirmed. Russell, C. J., absent.*