## 55184. BROWN v. THE STATE.

SHULMAN, Judge.

Appellant and the deceased became involved in a scuffle, as a result of which the deceased, who suffered from a form of cancer which weakens the bones, received a fracture of the right femur. He subsequently died, and appellant was indicted for and convicted of involuntary manslaughter. This appeal follows.

1. The district attorney was assisted at trial by a special prosecutor chosen and paid by the family of the

deceased. At the beginning of the trial, appellant moved to have the special prosecutor disqualified. The denial of that motion is enumerated as error.

Appellant argues that the special prosecutor had a pecuniary interest in the criminal prosecution because he was paid by the decedent's family for participating in the trial, because he had represented the family in a workmen's compensation claim, and because he had, at the time of the criminal trial, a contract to represent the decedent's family in a wrongful death action against appellant.

Contrary to appellant's assertion, those facts did not require a disqualification. It is permissible for the family of a victim of a crime to employ an attorney to assist in the prosecution (*Jackson v. State,* 156 Ga. 842 (7) (120 SE 535)), and the fact that the special prosecutor represents the family in a civil action against the defendant is no ground for disqualification. *Park v. State,* 225 Ga. 618 (1b) (170 SE2d 687) (modified, 229 Ga. 731 (194 SE2d 410)). The cases cited by appellant on this issue, holding that a solicitor general or prosecuting attorney must be disqualified if he has a personal interest in the case, are based primarily on the role of the prosecutor in securing an indictment. The mischief sought to be avoided is the influence a pecuniarily interested prosecutor might have on a grand jury. See, e.g., *Nichols v. State,* 17 Ga. App. 593 (87 SE 817). Here, the special prosecutor came into the case long after the indictment was returned. See *Willamon v. State,* 17 Ga. App. 775, 777 (88 SE 702). The district attorney was present at trial and acted as chief counsel for the state. There has been no showing that the special prosecutor performed any duties except those agreeable to and under the direction of the district attorney. See *Jackson v. State,* supra.

Appellant's argument that the special prosecutor's participation in this case will prejudice appellant in any future civil action concerning the occurrence involved here is raised in the wrong case. If appellant fears that the jury pool in her county will be irremediably tainted by knowledge of her conviction, the proper course of action would be an attempt to secure a change of venue in the civil action, if and when one is filed. There was no error in

refusing to disqualify the special prosecutor.

Another argument on this issue by appellant is that, even if the special prosecutor was not disqualified as a matter of law, the jury should have been informed that the victim's family had hired him. Appellant's brief cites us to no authority requiring such a disclosure and cites to no place in the record where such a disclosure was requested. Under those circumstances, we see no ground for reversal.

2. On the morning of trial, the date of which had been specially set, the prosecution presented appellant with a supplementary list of witnesses. Appellant sought disqualification of the witnesses in accordance with Code Ann. § 27-1403, or, in the alternative, a continuance to interview the witnesses in order to be able to counter their testimony. The trial court denied the relief sought, but offered defense counsel an opportunity to interview the witnesses outside the jury's presence. That ruling is enumerated as error.

Appellant had made a timely demand for a list of witnesses and the state had apparently complied. Under those circumstances, the eleventh hour proffering by the prosecution of a supplemental list, without any claim that the evidence was newly discovered, is questionable. The remedy offered by the trial court, although authorized by case law (*Butler v. State,* 139 Ga. App. 92 (1) (227 SE2d 889)), seems inadequate here where two of the five new witnesses were medical witnesses whose expert testimony was crucial to the state on a highly important issue: cause of death. See *Hicks v. State,* 232 Ga. 393, 399 (207 SE2d 30). We would find these factors sufficient to demand a new trial (see *Fishman v. State,* 128 Ga. App. 505 (4) (197 SE2d 467)) were it not for an act of appellant which requires us to rule against her; she and her counsel signed a written waiver of her right to a list of witnesses. Case law holds that such a waiver is effective and that the state is entitled to rely on it. *White v. State,* 137 Ga. App. 9 (2) (223 SE2d 24); *Parr v. State,* 117 Ga. App. 484 (1) (160 SE2d 865).

3. In charging the jury on the issue of cause of death, the trial judge said, "I charge you that where one inflicts an injury upon another, such injury is to be accounted as the cause of the death whenever it shall be made to appear

that the injury materially aggravated or accelerated the death, although the death itself may have been caused by a pre-existing condition or cause and would not have resulted from the wound alone." Appellant contends that the charge confused the jury by giving them a civil law standard rather than that which applies in criminal cases. However, the cases cited by appellant on this issue are inapposite because they do not involve the language of the charge given here.

The law of this state is that, ". . . it is no defense . . . that the death was proximately caused by a pre-existing physical condition of the decedent and was only aggravated or accelerated by the wound and would not have resulted from the wound alone (*Wilson v. State,* 190 Ga. 824, 829 (2) (10 SE2d 861); *Wells v. State,* 46 Ga. App. 412 (167 SE 709)) . . ." *Styles v. State,* 118 Ga. App. 445 (1) (164 SE2d 156). In *Wells v. State,* supra, pp. 415, 416, in the course of setting forth the above proposition, the court quoted approvingly a jury charge containing a similar exposition. We find no error in the use of an instruction containing a correct statement of the law.

4. While the trial was in progress, the father of the decedent died. Appellant moved for a mistrial on the grounds that the jury's natural sympathy would prejudice them against her. The denial of that motion is enumerated as error.

"The refusal to grant a mistrial is a discretionary matter, and the trial court's refusal will not be disturbed unless it is made to appear that a mistrial was necessary to preserve the right of a fair trial." *Herring v. State,* 125 Ga. App. 770 (3a), 771 (189 SE2d 132). When the motion was made, the trial court asked counsel what prejudice might have resulted from the death. Counsel could only respond that the event might affect the jury's thinking. An affidavit of a juror is included in the record, but it shows no prejudice; the juror merely swore that she knew of the death before the verdict was reached. (It should be noted that such an affidavit may not be used to impeach a verdict. Code Ann. § 110-109.)

" ' "This court is not an expounder of theoretical law, but it administers practical law, and corrects only such errors as have practically wronged the complaining

party." ' [Cit.]" *Potts v. State,* 134 Ga. App. 512, 513 (215 SE2d 276).

Appellant also argues that the court, if it chose to deny the mistrial should have questioned the jury as to possible prejudice. This argument is based on language in Sheppard v. Maxwell, 384 U. S. 333, 363: "If publicity during the proceedings threatens the fairness of the trial, a new trial should be ordered. But we must remember that reversals are but palliatives; the cure lies in those remedial measures that will prevent the prejudice at its inception. The courts must take such steps by rule and regulation that will protect their processes from prejudicial outside interferences." A review of the record shows that the trial judge did take steps to preserve the integrity of the judicial process. He had the hallways cleared before taking the jury out of the courtroom; he repeatedly cautioned the jurors to avoid any discussion of the case or exposure to news coverage; and he held a conference in chambers, on the record, to discuss the measures necessary to avoid prejudice to appellant. There has been no showing that such prejudice developed and we can find no abuse of discretion in the trial court's actions.

5. In an enumeration of the general grounds, appellant asserts that the expert testimony and other evidence were insufficient to authorize a verdict of guilty. We disagree. There was evidence that appellant assaulted the decedent, that he fell in the course of the assault and broke his leg, and that his death resulted from complications of the injury he received at the hands of appellant. There is no merit to this enumeration of error.

' 6. Appellant has raised an issue of the effectiveness of the assistance rendered by her trial counsel. She has carefully limited this argument, however, insisting that counsel is not wholly incompetent. It is only in the area of preparation to deal with a single issue, the cause of death, that appellant contends the assistance of her counsel was inadequate. She asserts that he failed to prepare to cross examine effectively the medical witnesses or to counter their testimony with that of equally qualified experts.

Our review of the record does not bear out appellant's assertion. Counsel conducted a cross examination of each

medical witness. The questions he asked indicate to us that he was reasonably well informed on the subject of the decedent's pre-existing disease in its relation to his death. Furthermore, we note that during the preliminary stages of this prosecution, counsel employed the limited discovery devices available to the defense to ascertain the identity of the various doctors involved.

The fact that other counsel may have conducted the defense in a different manner does not make this counsel ineffective. The right to effective counsel means counsel reasonably likely to render and rendering reasonably effective assistance, not errorless counsel and not counsel judged ineffective by hindsight. *Pitts v. Glass,* 231 Ga. 638 (203 SE2d 515). We do not find the assistance rendered by appellant's trial counsel ineffective.

7. In one enumeration of error, appellant makes three attacks on the denial of her motion for new trial.

A. Two of those attacks are based on the trial court's refusal to admit, at the hearing on the motion, oral testimony of an expert witness or an affidavit of that same witness.

In *Smith v. Smith,* 224 Ga. 689 (3) (164 SE2d 225), the Supreme Court found no error in a trial court's refusal to admit oral testimony at the hearing on a motion for new trial. There, as here, the evidence was not offered at trial and there was no contention that the evidence was newly discovered. The basis for the Supreme Court's approval of the trial court's refusal was that, "The offer of such evidence at the hearing of the motion for new trial would not show that the evidence offered on the trial required a different judgment from that found by the trial court." Id. p. 691. Appellant recognizes the correctness of that ruling, but asserts that the evidence offered here *would* require a different judgment. That assertion is based on expected testimony of the witness as reflected in the affidavit.

The affidavit falls short of requiring a different result than the jury's verdict. It amounts to a medical opinion that there is some doubt that the broken leg was the cause of death. Even if the witness had testified at trial, his evidence would not demand a different result. There was sufficient evidence to support the verdict of

guilty (see Division 5, supra). The fact that the witness expressed a legal conclusion that the broken leg was not the proximate cause of death makes the opinion no more persuasive. Such testimony amounts only to a rebuttal of the state's evidence on the cause of death. It would not affect the sufficiency of the evidence adduced at trial. We find no error in the exclusion of the expert's testimony.

B. To support her contention that her trial counsel rendered ineffective assistance, appellant had the attorney served with a subpoena in order to question his judgment relating to trial preparation. The attorney moved to quash the subpoena on the ground that he was privileged to refuse to testify by Code Ann. §§ 38-1205 and 38-1711. The trial court granted the motion to quash, and we find its action correct.

Code Ann. § 38-1711 makes applicable to witnesses the same privileges which may be claimed by a party: "A witness shall be relieved from testifying as to the same matters hereinbefore specified in relation to a party making discovery." Code Ann. § 38-1205 provides that: "No party shall be required to testify as to any matter . . . which shall tend to bring infamy or disgrace or public contempt upon himself . . ." Here, appellant was seeking a judicial determination that her trial counsel had been incompetent in an important part of his representation of her. That issue directly involves his fitness to practice law and is certainly a matter which would tend to bring disgrace or public contempt upon him. The attorney was privileged to refuse to testify on that subject and the trial court correctly so ruled.

We have no alternative under the law but to affirm the judgment.

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

ARGUED JANUARY 30, 1978 — DECIDED MARCH 16, 1978 —
REHEARING DENIED MARCH 31, 1978—
CERT. APPLIED FOR.

*Fierer & Devine, Robert G. Fierer, Bruce H. Morris, Walter J. Gordon,* for appellant.

*J. Cleve Miller, District Attorney,* for appellee.