64454. UNITED STATES FIRE INSURANCE COMPANY v. WELCH.

QUILLIAN, Chief Judge.

This is an action to recover for a collision loss under a policy of automobile insurance.

Appellee's automobile was insured by appellant insurer in a policy which provided collision coverage with a liability limit of the lesser of the actual cash value of the damaged vehicle or the amount necessary to repair or replace the vehicle, less $200 deductible. The vehicle was damaged by being completely immersed in the waters of a

lake and the damage was covered by the collision loss provisions of the policy. The vehicle had been purchased new less than three months before the loss and had been driven less than 1800 miles. The water immersion voided the manufacturer's warranty. At the insurer's election repairs were made at a cost of $2,171 but the repairer would not guarantee the condition of the vehicle, only the parts replaced and the repairs actually made. The insurer paid the appellee the repair cost less the deductible, which was less than the actual cash value of the vehicle. The difference in the value of the vehicle before and after the damage and after the repairs, plus deductible, was $3600 loss in value. In a non-jury trial, based upon the terms of the policy and a stipulation which included the foregoing facts, the trial court found for appellee in the amount claimed, from which this appeal is taken. *Held:*

Appellant asserts that the judgment was erroneous because appellee should be held to the literal terms of the policy that if the vehicle is repaired the insured must accept the cost of repairs even if it is less than the actual cash value of vehicle. Appellant argues that its policy terms distinguishes it from the policy provisions in other cases which have decided this issue adversely to its position.

We do not agree with the assertion.

Appellant misconstrues the meaning of repair in the limit of liability provision as meaning any repair. We construe repair to mean restoration of the vehicle to substantially the same condition and value as existed before the damage occurred. Compare, Auto-Owners Ins. Co. v. Green, 220 S2d 29 (Fla. App.).

Appellant also overlooks its primary contractual obligation. "We will pay for loss caused by collision . . . minus any applicable deductible . . ."

" 'Policies of insurance will be liberally construed in favor of the object to be accomplished, and the conditions and provisions of contracts of insurance will be strictly construed against the insurer who prepares such contracts.' [Cit.]" *U. S. Fidelity &c. v. Corbett,* 35 Ga. App. 606, 610 (134 SE 336).

"[W]e hold that the primary obligation of the insurer was to pay for the loss caused by collision and that the correct measure of that loss would be the difference in the market value of the automobile immediately before the collision and the combined amount of its market value immediately after being repaired, plus . . . the deductible. This measure of damages has been recognized in other jurisdictions as the proper measure of damages under an automobile collision insurance policy where the insurer elected to make repairs and did so defectively. [Cit.]" *Dependable Ins. Co. v. Gibbs,* 218 Ga. 305 (7), 315-16 (127 SE2d 454).

"[T]he defendant insurance company here had an option to pay for the loss in money, to repair the vehicle, or to replace it with other property of like kind and quality, but the contract requires that no matter which alternative is chosen, the market value of the property plus (deductible) after payment must equal the market value before the loss." *Simmons v. State Farm &c. Co.,* 111 Ga. App. 738 (2), 740 (143 SE2d 55). Compare, *Travelers Indem. Co. v. Cumbie,* 128 Ga. App. 723 (2, 3) (197 SE2d 783).

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 13, 1982.

*William C. Sanders,* for appellant.
*Willard H. Chason,* for appellee.