### 68246. BURNS v. THE STATE.
(324 SE2d 197)

POPE, Judge.

William Len Burns brings this appeal from the denial of his extraordinary motion for new trial. The following findings of fact are set forth in the trial court's order: "Mr. Marcus Morris, an Assistant District Attorney, presented the State's case against the defendant and handled the closing arguments for the State. During the closing arguments, a fire department's siren was heard in the courtroom for a few seconds. The Dalton City fire hall is located right next to the Whitfield County courthouse. The location of the siren is approximately 100 yards from the north wall of the courthouse. The occasion for sounding the siren by the fire department was an 'equipment check' which is an ordinary daily procedure by that department. On this particular day, the Assistant District Attorney had asked a member of the fire department to delay that equipment check from an early morning hour before Court started, to a later time anticipating that it would coincide with closing arguments being made by either himself or the defense attorney. Fire department personnel complied with

this request. Because of the location of the firehouse, the fire department's sirens are heard often in the day-to-day transactions around the courthouse. In addition, there are police and ambulances traveling by the courthouse and the hearing of sirens from time to time during court proceedings has been a common occurrence. The windows in the Whitfield County courthouse are arranged so that the fire hall cannot be seen and no activity at the fire hall such as trucks leaving would disturb or distract any participants in any of the cases being tried, including the trial of William Len Burns. The height of the windows, likewise, preclude[s] visual observation of any ambulance or police vehicles. The Court finds that Mr. Morris's intent for making the request to the fire department personnel was probably to give some 'dramatic' effect to the closing arguments.[1] Neither the defense attorney nor the Court knew the sounding of the siren was other than a legitimate fire call. [Neither] [t]he Court nor the defense attorney [was] informed that Mr. Morris had calculated for this particular sounding of the siren to occur during closing arguments. No objection was made at the time of trial concerning the siren. Mr. Morris was admitted to the Bar around the first part of November, 1978, and had been employed by the District Attorney's office as an assistant for approximately two years prior to the trial of [this case]. The Dalton Fire Department had investigated and participated not only in the fighting of the fire, but the criminal investigation which led to the prosecution of Mr. William Len Burns. Mr. Morris got the idea about the siren from a book written by Melvin Belli. The Court does not find that the conduct of Mr. Morris rises to the level of 'prosecutorial misconduct,' but the Court does not condone the conduct. The Court attributes the conduct to poor judgment and youthful enthusiasm."

Relying on *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976), and *Sanford v. State*, 153 Ga. App. 541 (1) (265 SE2d 868) (1980), the trial court found "that it is highly probable that the siren did not affect or contribute to the judgment and verdict in the case." The trial court based this conclusion "upon a review of the facts and evidence in the case, the common occurrence of these sirens in and around the courthouse in the normal course of business, the short duration of the siren, the fact that no comment was made directly about the siren either by the prosecutor or the defense attorney. The outcome of the case hinged primarily upon the questions of 'causation of

---

[1] Indeed, excerpts in the record from the assistant district attorney's closing argument reveal exquisite timing. Near the end of his remarks, after reminding the jury that they were to reach a verdict based on the facts of the case, he continued: "If any of you have any sympathy in this case for this Defendant, I urge you to take that sympathy away from him — (FIRE DEPARTMENT SIREN SOUNDED) — and transfer it to those who put their lives on the line for you — (FIRE DEPARTMENT SIREN ENDED) — because that man over there doesn't deserve it."

the fire' and the believability of Mr. Burns's explanation. Both sides used expert witnesses extensively with regard to causation. Further, the Court finds that there was no 'dramatic effect' added to anyone's argument because of the siren. The Court feels that if anything should be done, experienced lawyers who write silly books for law students to read sowing the seeds for 'embarrassing' conduct should be taken to task."

We join in the trial court's condemnation of the prosecutorial gamesmanship employed by the assistant district attorney in this case. "The responsibility of a public prosecutor differs from that of the usual advocate; his duty is to seek justice, not merely to convict." Rules and Regulations of the State Bar of Georgia, EC 7-13; 241 Ga. 643, 700 (1978). " 'While the safety of society requires the faithful prosecution of offenders against the laws, the State does not ask their conviction but upon calm and dispassionate investigation of the charges against them.' [Cit.]" *Brown v. State*, 57 Ga. App. 864, 865 (197 SE 82) (1938). See *Daniels v. State*, 158 Ga. App. 476 (6) (282 SE2d 118), revd. on other grounds, 248 Ga. 591 (285 SE2d 516) (1981). Nevertheless, "[i]n passing upon objections or motions on account of improper argument, the [trial court] is vested with a sound discretion, and his ruling thereon will not work a new trial unless it manifestly appears that his discretion was abused. Nor will a new trial be granted where the verdict was demanded." *Ga. Power Co. v. Puckett*, 181 Ga. 386 (5) (182 SE 384) (1935). See *Johnson v. State*, 244 Ga. 295 (4) (260 SE2d 23) (1979). Unless it is apparent that a new trial is essential to the preservation of the right of a fair trial, this court will not interfere with the discretion of the trial court. See *Brown v. State*, 145 Ga. App. 530 (4) (244 SE2d 68), revd. on other grounds, 242 Ga. 536 (250 SE2d 438) (1978). We find no abuse of discretion in the denial of defendant's extraordinary motion for a new trial, for under the circumstances in this case we agree with the trial court that it is highly probable that the actions of the assistant district attorney did not deny the defendant a fair trial. Compare *Patton v. State*, 117 Ga. 230 (9, 10) (43 SE 533) (1903); *Mitchum v. State*, 11 Ga. 615 (7) (1852).

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED OCTOBER 29, 1984 —
REHEARING DENIED NOVEMBER 20, 1984

*Donald W. Johnson*, for appellant.
*Stephen A. Williams, District Attorney, Steven M. Harrison, As-*

*sistant District Attorney*, for appellee.