## 71118. OSBORNE v. THE STATE.

(339 SE2d 627)

Deen, Presiding Judge.

On March 7, 1984, at approximately 6:25 a.m., the appellant, Kenneth Parker Osborne, was stopped by police as he proceeded down an entrance ramp of I-285, going 5 mph with two flat tires. The arresting officer testified that Osborne smelled strongly of alcohol and was unsteady on his feet. Osborne agreed to a breath test, and he was taken to a nearby precinct where after four tries, he registered a reading of .15 percent. At Osborne's request, a second test was given five minutes later, at which time he registered a reading of .16 percent. The tests were given approximately one hour after the arrest.

At trial, the defense did not call any witnesses. During closing argument, however, defense counsel in effect claimed that at the time Osborne was stopped he was sober; that his blood alcohol level then began to rise at the rate of .01 percent every five minutes (though he was not drinking); and that by the time the two tests were given, he had become legally intoxicated. On appeal Osborne contends the trial court erred by restricting counsel's use of this argument and preventing him from using a poster to illustrate this argument, and in the trial court's commenting, in sustaining the state's objection to the defense's closing argument, that the argument as presented went beyond the scope of the evidence. *Held*:

Appellant articulates that alcoholism affects the anatomy in his argument to the jury. "The effect of intoxicants on the physical and nervous system is as varied as the effect of diet; hardly any two human beings react from it in the same manner. Some it cheers, while others it inebriates. It sharpens the edge of some minds, while others it dulls. Some it depresses, while others it stimulates. Some it strikes down early, while others continue its use unto old age without appreciable effects, and pass away from other maladies. In some cases it produces no appreciable effect on the vital organs, while in others in produces almost instant deterioration." *Fernstrom v. Taylor*, 145 S 208, 209 (Fla. 1933).

Where one has known data which has proven reliable in the past and present, further logical projections into the future and past may be extrapolated. Where there is little present data to work on to attempt to forecast the future and past would be sheer speculation and inadmissible. *Woods v. Andersen*, 145 Ga. App. 492, 496 (243 SE2d 748) (1978). In the instant case, no testimony of any kind, including experts on alcohol effects, was introduced in the case; therefore, the trial judge was correct in limiting the remarks made in the closing arguments.

"The trial court has the right and duty to govern the scope of argument by counsel both prior to and after the presentation of evi-

dence . . . The proper range of comment by counsel is a matter within the discretion of the trial court." *Mathis v. State*, 171 Ga. App. 620 (320 SE2d 861) (1984). At best, the closing argument propounded by the defense counsel in this case was completely unsupported by any evidence; at worst, the argument was patently absurd.

While perhaps it would not have been error for the judge to have allowed this illogical argument, it certainly was not error to exclude it. This court will not interfere with the broad discretion given the trial court "[u]nless it is apparent that a new trial is essential to the preservation of a fair trial." *Burns v. State*, 172 Ga. App. 645, 647 (324 SE2d 197) (1984). Finally, the comment made by the judge was not impermissible because "remarks of a judge assigning a reason for his ruling are neither an expression of opinion nor a comment on the evidence." *Mathis v. State*, supra at 620.

*Judgment affirmed. Pope, J., concurs. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I agree with all except the use of, and approval of, the quotation from a Florida case. It undermines the blood alcohol test as a valid measurement of the influence of alcohol on a person's driving capacity, and yet Georgia allows convictions based on presumptions about it.

The quotation seems to be a judicial opinion based only in part on common knowledge; to some degree, and especially the last sentence, it would require medical/scientific expert opinion or at least facts upon which to found such a judicial pronouncement.

In addition, it seems to me that medical and scientific knowledge about alcoholism and alcohol abuse has increased substantially in the 50 years since the Florida opinion was written.

DECIDED DECEMBER 5, 1985 —
REHEARING DENIED DECEMBER 20, 1985.

*David Cook*, for appellant.
*James L. Webb, Solicitor, Donald C. English, Norman F. Miller, Assistant Solicitors*, for appellee.