72634, 72635. HARTFORD FIRE INSURANCE COMPANY
v. ROWLAND; and vice versa.
(351 SE2d 650)

McMURRAY, Presiding Judge.

Jim H. Rowland, d/b/a Rowland and Mercer Garage (plaintiff), instituted an action against The Hartford Fire Insurance Company (Hartford) for loss under a policy of automobile insurance. In addition to damages for breach of the insurance contract, plaintiff sought

statutory damages under OCGA § 33-34-6 (b), (c). Plaintiff also sought general damages and punitive damages based on a tort claim for Hartford's willful failure to pay under the insurance contract.

During the course of a jury trial the following evidence, in pertinent part, was adduced: Plaintiff's automobile was insured by Hartford in an insurance policy which provided collision coverage with a liability limit of the lesser of the actual cash value of the damaged vehicle or the amount necessary to *repair* or replace the vehicle, less $250 deductible. On November 30, 1982, plaintiff's vehicle was damaged in a collision. The damage was covered by the collision loss provisions of the insurance policy. Repairs were made on the vehicle at a cost of approximately $8,258. (The vehicle had been driven 4,813 miles at the time of the collision.) The diminution in value of the vehicle, after repairs were completed, was $2,500.

On January 16, 1984, plaintiff made demand for payment under the insurance policy. On February 16, 1984, Hartford offered to pay the repair bill less the deductible upon the condition that plaintiff execute a form prepared by Hartford entitled "Proof of Loss" and a "loan receipt." Plaintiff refused to execute the "Proof of Loss" form and the "loan receipt" because the "Proof of Loss" form contained language which could be construed as a waiver of plaintiff's right to collect the diminution in value of his vehicle under the insurance contract. After plaintiff's refusal to execute these documents, Hartford agreed to submit plaintiff's claim to the appraisal provision of the insurance policy, which provides as follows: "APPRAISAL FOR PHYSICAL DAMAGE LOSSES . . . If [the insured] and [the insurer] fail to agree as to the amount of loss, either may demand an appraisal of the loss. In such event, [the insured] and [the insurer] shall each select a competent appraiser, and the appraisers shall select a competent and disinterested umpire. The appraisers shall state separately the actual cash value and the amount of loss, and, failing to agree, shall submit their differences to the umpire. An award in writing of any two shall determine the amount of loss. [The insured] and [the insurer] shall each pay the chosen appraiser and shall bear equally the other expenses of the appraisal and umpire."

On March 23, 1984, the appraisers reached a unanimous decision that the loss to plaintiff's vehicle was $2,500 in excess of the repair bill. Despite the recommendation of the appraisers, Hartford refused to pay any part of the $2,500 diminution in value of the vehicle and, according to the testimony of Randy Tucker, an experienced claims supervisor for Hartford who was responsible for handling plaintiff's claim, Hartford did not intend to pay for the diminution in value of the vehicle even after the appraisals. Mr. Tucker also testified that he refused to pay plaintiff's claim for diminution in value based upon the direction of other business representatives of Hartford and the advice

of Hartford's attorneys.

On April 17, 1984, over one year and four months after the loss and over 60 days after demand for payment, Hartford paid the repair bill less the deductible without requiring execution of the "Proof of Loss" form and the "loan receipt." However, Hartford refused to pay the $2,500 diminution in value.

The trial court directed a verdict in favor of Hartford on plaintiff's tort claim. The breach of contract claim and the action for statutory damages under OCGA § 33-34-6 (b), (c), were submitted to the jury.

The jury returned a verdict in favor of plaintiff for $2,500 for diminution in value of the vehicle; statutory damages under OCGA § 33-34-6 (b) for Hartford's refusal to pay the diminution in value of the vehicle; statutory damages under OCGA § 33-34-6 (b) for Hartford's failure to timely pay the repair bill; and, punitive damages under OCGA § 33-34-6 (c) for Hartford's failure to pay plaintiff's claims within 60 days of demand. The court's judgment followed the jury verdict and incorporated in the judgment was the award to plaintiff of $10,852.50 attorney fees.

Hartford appeals from the judgment entered on the jury verdict in Case No. 72634. Plaintiff cross-appeals from the trial court's order directing a verdict in favor of Hartford on the tort claim in Case No. 72635. *Held*:

1. Hartford first argues in the main appeal, that the trial court erred in denying its motion for directed verdict on the issue of payment of depreciation because plaintiff should be held to the literal terms of the insurance contract. The insurance policy provided that "[t]he most [the insurer] will pay for loss to any one covered auto is the smaller of the following amounts: a. The actual cash value of the damaged or stolen property at the time of the loss. b. The cost of repairing the damaged or stolen property with other of like kind or quality." Hartford argues that this provision is different from the policy provisions in other cases which have decided this issue adversely to its position. We do not agree.

Under a property loss provision of an insurance contract, it has long been held that "the primary obligation of the insurer [is] to pay for the loss caused by collision and . . . the correct measure of that loss would be the difference in the market value of the automobile immediately before the collision and the combined amount of its market value immediately after being repaired, plus the . . . deductible." *Dependable Ins. Co. v. Gibbs*, 218 Ga. 305, 314 (7), 315 (127 SE2d 454). More recently, the meaning of *repair* in a property loss provision of an insurance contract has been construed "to mean restoration of the vehicle to substantially the same condition and value as existed before the damage occurred." *United States Fire Ins. Co. v. Welch*,

163 Ga. App. 480, 481 (294 SE2d 713). In the case sub judice, Hartford " 'had an option to pay for the loss in money, to repair the vehicle, or to replace it with other property of like kind and quality, but the contract requires that no matter which alternative is chosen, the market value of the property plus (deductible) after payment must equal the market value before the loss.' *Simmons v. State Farm &c. Co.*, 111 Ga. App. 738 (2), 740 (143 SE2d 55). Compare, *Travelers Indem. Co. v. Cumbie*, 128 Ga. App. 723 (2, 3) (197 SE2d 783)." *United States Fire Ins. Co. v. Welch*, 163 Ga. App. 480, 482, supra. In the case sub judice, since it is not disputed that the diminution in value of plaintiff's vehicle was $2,500, the trial court did not err in denying Hartford's motion for directed verdict in this regard.

2. Next, Hartford contends that the trial court erred in denying its motion for directed verdict as to statutory damages, attorney fees and punitive damages because the evidence presented at trial showed that: (a) Hartford exercised good faith in delaying payment of the repair bill; and, (b) Hartford exercised good faith in refusing to pay the diminution in value of plaintiff's automobile.

"Both OCGA § 33-34-6 (b) (25% penalty and attorney fees) and OCGA § 33-34-6 (c) (punitive damages) provide for the imposition of penalties should the insurer fail to prove that it acted in good faith in failing or refusing to pay the benefits sought." *Johnson v. Nat. Union &c. Ins. Co.*, 177 Ga. App. 204, 206 (2) (338 SE2d 687). "The burden of proving good faith is on the insurer. *Atlanta Cas. Co. v. Jones*, 247 Ga. 238, 241 (275 SE2d 328) (1981). Good faith in this context requires a showing of reasonable or probable cause for not paying the claim on time. Id.

"The question of the insurer's good faith (or lack thereof) is one of fact for the jury, and the jury's determination on this issue should be upheld on appeal if there is any evidence to support it. See *Gillem v. MARTA*, 160 Ga. App. 393, 395 (287 SE2d 264) (1981); *Miller v. Spicer*, 147 Ga. App. 759, 760 (250 SE2d 492) (1978); Couch on Insurance 2d § 58:93. A jury award of punitive damages for wrongful refusal to pay a claim is thus entitled to great weight on appeal and should be disturbed only if the evidence at trial does not support an inference of bad faith on the insurer's part. See *Colonial Life &c. Ins. Co. v. McClain*, 243 Ga. 263, 265 (253 SE2d 745) (1979) (applying 'any evidence' rule in review of punitive damages award under OCGA § 33-4-6 (Code Ann. § 56-1206)); Note, *Wrongful Refusal to Pay Insurance Claims in Georgia*, 13 Ga. L. Rev. 935, 960 (1979).

"Application of an 'any evidence' standard of review to § 33-34-6 (Code Ann. § 56-3406b) jury awards is consistent with the policy, previously recognized by this court, of encouraging prompt payment of no-fault insurance claims. *Atlanta Cas. Co. v. Jones*, supra." *Binns v. MARTA*, 250 Ga. 847, 848 (301 SE2d 877).

(a) *Hartford's failure to timely pay the repair bill.*

Hartford argues that it was excused from paying plaintiff's repair bill in a timely manner because plaintiff refused to execute the form entitled "Proof of Loss." Hartford contends that the insurance contract required plaintiff to execute this form before it was obligated to pay any claim under the insurance policy. We do not agree.

The insurance contract provided: "[T]o recover for loss to a covered auto [the insured] must . . . [s]ubmit a proof of loss when required by [Hartford]." It is stipulated that Hartford had notice of plaintiff's loss on December 6, 1982, and it is uncontroverted that Hartford was aware of the extent of the damages on plaintiff's vehicle long before plaintiff made demand for payment under the insurance contract. The fact that plaintiff did not execute the form entitled "Proof of Loss" does not mean that plaintiff failed to submit proof of his loss as required by the insurance contract. Applying the "any evidence" standard, stated above, we find that the following evidence presented at trial was sufficient to support the jury verdict for statutory penalties, attorney fees and punitive damages: Hartford admitted that it was responsible for the damage to plaintiff's automobile and Hartford abandoned its assertion that execution of the "Proof of Loss" form was essential to payment of plaintiff's claim.

(b) *Hartford's refusal to pay diminution in value.*

Hartford argues that its refusal to pay for the diminution in value of plaintiff's vehicle is in good faith because "Georgia Law does not necessarily obligate [it] to pay depreciation under collision coverage when the insured has elected to repair the car." In light of our holding in Division 1 of this opinion, this argument is without merit.

In *Johnson v. Nat. Union &c. Ins. Co.*, 177 Ga. App. 204, 207 (2), supra, this court held that the trial court erred in failing to direct a verdict in favor of the insurer on the issue of bad faith penalties because that case was "one of first impression in Georgia . . . and [the case] presented a close question as to the construction to be given this language." In the case sub judice, and as pointed out in Division 1 herein, the meaning of "repair" in the context of the insurance contract has long been construed "to mean restoration of the vehicle to substantially the same condition and value as existed before the damage occurred." *United States Fire Ins. Co. v. Welch*, 163 Ga. App. 480, 481, supra. Consequently, since the case was not one of first impression in Georgia and since the question of Hartford's liability to pay diminution of value was not "close," the trial court did not err in failing to direct a verdict in favor of Hartford in this regard. This is particularly true since the evidence showed that Hartford based its decision not to pay the diminution in value of plaintiff's vehicle upon the advice of its attorneys.

3. In its second enumeration of error, Hartford contends that the

trial court erred in denying its motion for mistrial because of inflammatory statements made by plaintiff's attorney during closing argument.

"Where counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same. On objection made, the court shall also rebuke counsel and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds. In its discretion, the court may order a mistrial . . ." OCGA § 9-10-185. " '[I]n passing upon objections or motions on account of improper argument, the (trial court) is vested with a sound discretion, and his ruling thereon will not work a new trial unless it manifestly appears that his discretion was abused . . . .' *Ga. Power Co. v. Puckett*, 181 Ga. 386 (5) (182 SE 384) (1935). . . . Unless it is apparent that a new trial is essential to the preservation of the right of a fair trial, this court will not interfere with the discretion of the trial court. See *Brown v. State*, 145 Ga. App. 530 (4) (244 SE2d 68), revd. on other grounds, 242 Ga. 536 (250 SE2d 438) (1978)." *Burns v. State*, 172 Ga. App. 645, 647 (324 SE2d 197). In the case sub judice, we have examined the text of the closing argument of which Hartford complains and, without ruling on the content therein, we find that the trial court properly rebuked plaintiff's counsel and thoroughly instructed the jury as to the appropriate standard upon which they should review the evidence. Consequently, we find no abuse of discretion in the denial of Hartford's motion for mistrial.

4. Hartford contends in its third enumeration of error that the trial court erred in instructing the jury as follows: Plaintiff "may establish his loss . . . by showing the reasonable value of labor and materials used for the repairs and the amount of any permanent impairment in the value of the property after it was repaired, provided the aggregate of these amounts, that is the repair and the diminution of value, together with hire on the property while incapable of being used, may not exceed the value of the property immediately before the injury or damage together with interest thereon." Since plaintiff is entitled to recover diminution in value of his vehicle under the insurance contract, this charge is not erroneous. See Division 1 of this opinion.

5. In its fourth and fifth enumerations of error, Hartford contends that the trial court erred in charging the jury on punitive damages under OCGA § 33-34-6 (c) because plaintiff's claim for damages was covered under the collision coverage of the insurance policy, not the no-fault property damage coverage.

An examination of the insurance policy shows that there is only one type of property damage coverage. This coverage provides compensation without regard to fault. There being no other property

damage coverage in the insurance policy, we find the collision coverage offered is the coverage required by Georgia's no-fault statute and is therefore regulated by OCGA § 33-34-6 (c). Consequently, the trial court correctly instructed the jury on punitive damages as prescribed in OCGA § 33-34-6 (c). See *Horton v. Allstate Ins. Co.*, 171 Ga. App. 707, 708 (2) (320 SE2d 761). Compare *Carter v. Banks*, 254 Ga. 550, 553 (3) (330 SE2d 866), where two types of property damage coverage were provided in the insurance policy, no-fault property damage coverage and "collision coverage."

6. In view of our holding in the main appeal, it is unnecessary to address plaintiff's sole enumeration of error in his cross-appeal.

*Judgments affirmed. Carley and Pope, JJ., concur.*

DECIDED NOVEMBER 10, 1986 —
REHEARING DENIED DECEMBER 9, 1986 — ▮▮▮▮▮▮

*Richard J. Joseph, J. Converse Bright,* for appellant.
*G. Keith Murphy, C. Saxby Chambliss,* for appellee.