### 75518. KELLY v. REID et al.
(366 SE2d 315)

BEASLEY, Judge.

Appellant brought an action against two surgeons for medical negligence or malpractice (OCGA § 51-1-27), battery (OCGA § 51-1-14), and fraud in obtaining her consent to surgery. She was referred to the surgeons for a thyroidectomy by her endocrinologist after medication failed to adequately resolve her Graves' disease. Complications followed the thyroidectomy, and plaintiff claimed that she was injured and damaged by negative effect on her voice and breathing, loss of work and wages, the necessity of extensive further treatment, pain, suffering, and permanent injury.

She signed a comprehensive "Consent to Surgical Treatment"

form for a "total thyroidectomy" upon admission to the hospital and before ever talking with either of the surgeons. She claimed that the surgeons were under an affirmative duty to tell her the risks even without her asking. She testified that she did ask Dr. Reid (before the surgery but after signing) what the chances were that there would be a change in her voice, and that he responded that she had nothing to worry about, that the operation was being done over a thousand times a day in the United States. There was no evidence that Dr. Reid's response was untrue or misleading. She previously had had long discussions with the endocrinologist, had discussed other alternatives to surgery, and had been told by him that there was "a chance of some slight hoarseness or change to [her] voice."

At trial, plaintiff presented an expert witness who testified about the duties of the surgeons and how, in his opinion, they failed to meet the standard of care which he considered to be that exercised by physicians in general under like or similar circumstances. His testimony, as well as that of plaintiff, was submitted on appeal along with an excerpt from defense counsel's closing argument, some of the exhibits, and the record in the case.

The trial court directed a verdict against plaintiff with respect to her claim against Dr. Lucas, and also with respect to the issue of the conclusiveness of her consent under OCGA § 31-9-6. See also OCGA § 51-11-2. The jury returned a verdict for Dr. Reid.

1. The court correctly ruled on the consent issue. There was no evidence whatsoever of "fraudulent misrepresentations of material facts in obtaining the [signed consent document]." OCGA § 31-9-6 (d). Plaintiff's testimony unequivocally established that she signed the form on the basis of her discussions with the endocrinologist, who was not a party to the suit, and that Dr. Reid's response to her inquiry conformed to what the endocrinologist told her. Moreover, the response was not a misrepresentation. Finally, despite the opinion in the excluded testimony of her expert and her own assertion that the surgeons had an affirmative duty to tell her the risks, the law of Georgia does not impose such a duty. *Young v. Yarn,* 136 Ga. App. 737 (1) (222 SE2d 113) (1975); *Hyles v. Cockrill,* 169 Ga. App. 132, 133 (2) (312 SE2d 124) (1983). The facts in *Spikes v. Heath,* 175 Ga. App. 187 (332 SE2d 889) (1985) make it inapposite.

2. Appellant complains that Dr. Lucas was not entitled to a directed verdict because her medical expert testified that the surgeons failed to perform their duty to counsel the patient pre-operatively. Since the duty to counsel which the medical expert was referring to was a duty to advise of the risks of the contemplated procedure, and as stated above no such duty is imposed in this state, appellant shows no support for a potential jury conclusion of liability against Dr. Lucas.

3. One of the grounds for new trial was alleged misconduct by defendants' counsel when he stated during closing argument: "I was amused to know [from the testimony of plaintiff's medical expert Dr. Bussey] that I was referring cases to him. I didn't know that. If somebody in my firm has, we're going to have to have a real serious talk up there." He was referring to the following question during direct examination, and Dr. Bussey's response: "Q. Have you reviewed cases for [defendants' attorney] and his firm? A. I have on occasion, yes." This occurred while the expert's background was being explored and after he described his substantial experience in reviewing medical cases being contemplated for suit.

At the hearing on the motion, appellant produced several pieces of correspondence from 1983 between Dr. Bussey and defendants' counsel, regarding his assessment in other medical malpractice cases. Defendants' counsel explained that when he made the statement, he did not recall these incidents which had occurred three years previously at a time when he was representing Dr. Bussey in a malpractice suit against him. That attorney/client relationship had been specifically excluded from trial by defendants' motion in limine, made on the theory that Dr. Bussey would gain credibility, or at least defendants would not be able to attack his credibility, if it were known by the jury that Dr. Bussey had been defense counsel's client and had prevailed in the suit.

The statement not being entirely untrue, in that there was no evidence that counsel was then aware of those incidents, the explanation of non-recall being accepted by the court, and wide discretion being reposed in the trial court with regard to the granting of new trials, *Hartford Fire Ins. Co. v. Rowland*, 181 Ga. App. 213, 218 (4) (351 SE2d 650) (1986), a new trial is not demanded by law. Although part of counsel's remark constituted unsworn testimony given during closing argument, or at the least a comment unsupported by an evidentiary basis, this ground was not raised below, or here either for that matter, so we cannot address it. *Hammond v. Paul*, 249 Ga. 241, 242 (1) (290 SE2d 54) (1982); *Georgia Retail Assoc. v. Ga. Public Svc. Comm.*, 165 Ga. App. 208, 209 (300 SE2d 544) (1983); *H. W. Ivey Constr. Co. v. Transamerica Ins. Co.*, 119 Ga. App. 794, 795 (2) (168 SE2d 855) (1969).

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 1, 1988 —
REHEARING DENIED FEBRUARY 26, 1988 — 

Thomas E. Maddox, Jr., for appellant.

*Robert G. Tanner, Mark E. Bergeson*, for appellees.