74188. DEPARTMENT OF TRANSPORTATION
v. PILGRIM et al.
(359 SE2d 227)

BENHAM, Judge.

Appellant condemned access rights to a portion of a tract belonging to appellees and paid $29,200 into court as its estimate of just and adequate compensation. On appeal from a $110,800 judgment for appellees, this court reversed because of the trial court's failure to give a

requested charge on an owner's right to access. See *Dept. of Transp. v. Pilgrim*, 175 Ga. App. 576 (333 SE2d 866) (1985). On retrial, the jury returned a verdict awarding appellees $450,000. This appeal is from the judgment entered on that verdict.

1. In its first enumeration of error, appellant contends the trial court erred in denying its motions for a directed verdict and judgment n.o.v. The basis of appellant's argument on this issue is its position that the remaining portion of the tract had sufficient road frontage affording access to the property that the limitation on access imposed by appellant's taking was reasonable and, therefore, did not produce consequential damages. The flaw with that argument is that it has no validity at all unless the tract remains an undivided piece of property. Appellees' contention is that the highest and best use of the land is to divide it into parcels for small commercial enterprises.

As we held in the first appearance of this case, the two theories (subdivision into smaller parcels and single-tract use) "clashed, and it became an evidentiary question to be determined by the jury as to which, in fact, was the valid one on which to base the proper measure of consequential damages to the remainder." Id. at 579. The theories clashed again on retrial, and appellees supported their position with testimony that subdivision into small parcels for commercial use was the highest and best use of the property and that the condemnation of access to a portion of the property reduced the value of those smaller parcels to be carved from the restricted portion of the tract. Since the "any evidence" test is the appropriate standard for review of the denial of a directed verdict (*Speir v. Williams*, 146 Ga. App. 880 (1) (247 SE2d 549) (1978)), and appellees produced evidence in support of their position, the denial of appellant's motions for directed verdict and judgment n.o.v. was proper.

2. Appellant's second enumeration of error is that the trial court erred in failing to charge that "deprivation of access must be a substantial interference and/or unreasonable deprivation of ingress and egress to the remainder of Appellees' property before the jury could award consequential damages." Our review of the trial court's charge does not reveal the asserted error. The trial court referred to "substantial interference" at least twice during its instructions. As to appellant's insistence that a deprivation of access is not compensable unless it is "unreasonable," it has cited no authority supporting that principle, and we have none. The trial court's charge, as a whole, adequately presented the issues and the principles of law necessary for the jury to make its determination. We find no error.

3. Although the issues raised on appeal do not warrant reversal of the judgment of the trial court, we do not find them to be so specious as to warrant the conclusion that this appeal was brought for the purpose of delay only. Accordingly, appellee's motion for the im-

position of damages pursuant to OCGA § 5-6-6 is denied. *Macon-Bibb County Hosp. Auth. v. Miller*, 180 Ga. App. 231 (348 SE2d 752) (1986).

*Judgment affirmed. Banke, P. J., concurs. Carley, J., concurs in the judgment only.*

DECIDED JUNE 30, 1987.

*Michael J. Bowers, Attorney General, J. Thomas Welchel*, for appellant.

*Michael B. Perry*, for appellees.