A90A1876. SOUTHERN BELL TELEPHONE & TELEGRAPH
COMPANY v. DON HAMMOND, INC. et al.
(402 SE2d 112)

COOPER, Judge.

While employees of the appellee company were constructing a bridge pursuant to a contract with the Georgia Department of Transportation, certain underground telephone cables and conduits owned by appellant were damaged by the construction work. Appellant repaired the facilities and brought this suit against appellees, alleging that the damage was caused by the negligence of the appellee company's employees. Appellant sought recovery of $71,633.84, which was the cost asserted by appellant to repair the damaged facilities. Appellees contended that appellant was negligent in not properly encasing the telephone facilities in the area of the known construction and in failing to provide to appellees plans which correctly indicated the type of casing around the facilities. Subsequent to the filing of the lawsuit, the appellee company distributed its assets to its shareholders, principally to appellee Don Hammond who stipulated that he would also be a party to any judgment rendered. After a jury trial, a verdict was returned for appellee Hammond, and judgment was entered thereon.

Appellant's sole enumeration of error is that the trial court erred in charging the jury that appellant was under a duty to mitigate its damages because such a charge was not authorized by the evidence. The court first charged the jury on negligence and comparative negligence, specifying under what circumstances either of the parties could recover at all. The court then went on to charge on damages as follows: "Should you find that the plaintiff in this case is entitled to recover damages from the defendant then the measure of those damages is the cost to the plaintiff of the necessary repairs to the plaintiff's property. After a party is injured that party is under a duty to lessen its damages so far as practicable by the exercise of ordinary care and diligence." Appellant argues that there was no evidence introduced of appellant's failure to mitigate damages after the accident but only evidence of the reasonable and necessary costs of repair of the damage that occurred. The court determined that the testimony of two witnesses, an employee in appellant's comptroller's department and an underground splicing foreman for appellant, could be considered as presenting evidence that appellant employed too many people for the repair work, took too long to repair the damage and charged

more than what was required for the repair work performed. " '[I]t is the duty of the trial court to charge the jury on the law applicable to the issues where there is any evidence on which to predicate the instructions. . . .' [Cit.]" *Jump v. Benefield*, 193 Ga. App. 612 (1) (388 SE2d 864) (1989). Further, " '[i]t is well established an instruction is not abstract or inapplicable where there is any evidence, however slight, on which to predicate it. (Cit.)' [Cit.]" *McKinnon v. Streetman*, 192 Ga. App. 647, 648 (1) (385 SE2d 691) (1989). After a review of the record, we agree with the trial court that the witnesses presented some evidence to support the charge on mitigation of damages and we determine that the giving of the charge was not error.

Even if we were to consider the charge to have been given in error, we determine from a review of the entire record and a consideration of the charge to the jury as a whole, that any such error would be harmless because it did not " 'reasonably draw the jury away from the true issues in dispute. . . .' [Cit.]" *Hopkins v. First Union Bank of Savannah*, 193 Ga. App. 109, 112 (2) (a) (387 SE2d 144) (1989). The jury was instructed on negligence and the basis for finding liability and rendered a verdict totally for appellees. As the court instructed, the issue of damages was to be considered if the jury first determined that appellant was entitled to recover from appellees. Since the liability issue was determined adversely to appellant, any error resulting from the mitigation of damages charge was harmless. We disagree with appellant's contention that the court's charge could have led the jury to believe that a failure by appellant to mitigate damages would prevent any recovery by appellant. The charge conveyed to the jury that once liability was independently determined, then damages were to be calculated considering the cost of necessary repairs and the duty to mitigate the damages as far as practicable.

*Judgment affirmed. Banke, P. J., and Birdsong, P. J., concur.*

DECIDED FEBRUARY 6, 1991.

*James M. Anderson III*, for appellant.
*Carey, Deal, Jarrard & Walker, R. Thomas Jarrard, Hartness, Link & Hardeman, Fredrick E. Link*, for appellees.