A97A0742. FINDLAY v. GRIFFIN et al.
(484 SE2d 80)

BLACKBURN, Judge.

Margaret Griffin and Burch Griffin filed the underlying action to collect damages for injuries Mrs. Griffin suffered in an automobile collision with Susan Findlay. Mr. Griffin asserted a loss of consortium claim. The jury awarded the Griffins $200,000. Findlay appeals contending the trial court erred in allowing improper questions, allowing improper remarks during closing argument, and in failing to give certain requested jury charges.

1. Findlay contends the trial court erred in failing to charge on Mrs. Griffin's duty to maintain a proper lookout, after the court had indicated such charge would be given.

"It is the duty of the trial court to charge the jury on the law applicable to the issues where there is any evidence on which to predicate the instructions. Further, it is well established an instruction is not abstract or inapplicable where there is any evidence, however slight, on which to predicate it." (Citations and punctuation omitted.) *Southern Bell Tel. &c. Co. v. Don Hammond, Inc.*, 198 Ga. App. 517, 518 (402 SE2d 112) (1991).

In the present case, the Griffins alleged that the accident occurred when Findlay failed to yield the right-of-way as she was making a left-hand turn across the lanes in which Mrs. Griffin traveled. Findlay asserted the defenses of comparative negligence, avoidance, and Mrs. Griffin's failure to keep a proper lookout. Mrs. Griffin testified that she saw Findlay's car in her lanes of travel, but she thought Findlay was moving. By the time Mrs. Griffin realized that Findlay was stopped, it was too late to avoid the collision. Findlay's

testimony supported her defense that Mrs. Griffin would have known she was stopped if Mrs. Griffin had been looking. The trial court agreed to charge on Mrs. Griffin's duty to maintain a proper lookout, but inadvertently failed to give the charge. After the failure to give the charge was brought to the trial court's attention, the court decided that the failure to give it was not significant enough to recharge the jury. The Griffins contend the charge was encompassed in the trial court's charge on negligence. We cannot agree.

The trial court had agreed to charge as follows: "A driver has no right to assume that the road ahead is clear and has a duty to maintain a lookout for potential hazards." This is a correct statement of the law applicable to this case. See *Brown v. Shiver*, 183 Ga. App. 207, 208 (358 SE2d 862) (1987). Although the trial court charged that the plaintiff had a duty to exercise ordinary care, such a charge does not encompass the specific duty to maintain a lookout for potential hazards.

In the present case, Findlay's attorney, under the impression that the trial court would give the requested charge, discussed it during closing arguments. The trial court's failure to give the requested charge and later failure to correct its omission must be considered harmful when it could have confused the jury and undermined the credibility of Findlay's closing argument. Furthermore, upon proper instructions, the jury could have determined that Mrs. Griffin did not maintain a proper lookout. Therefore, the judgment must be reversed as Findlay is entitled to a new trial with proper jury instructions.

As Findlay's additional enumerations of error raise issues which may occur upon a retrial of this case, we address them below.

2. Findlay contends the trial court erred in failing to charge the jury regarding Mrs. Griffin's duty to mitigate damages. As some evidence was introduced which indicated that Mrs. Griffin may have stopped treatment for some physical problems, Findlay was entitled, upon proper request, to a charge on mitigation of damages. See *Southern Bell*, supra at 518.

3. Findlay asserts the trial court erred in allowing the Griffins' attorney to question her as to whether the physical damage to the cars was consistent with their version of the accident. Findlay contends that such a question requires an accident reconstruction expert and was beyond her expertise. The question called for Findlay's opinion, and we cannot say that the trial court abused its discretion by allowing it.

4. Findlay contends the trial court erred by allowing the Griffins' counsel to remark during closing argument that if evidence existed to contradict his client's testimony, Findlay could have produced it. Findlay argues that this improperly shifted the burden of proof. The Griffins' counsel also argued that the Griffins had the burden to

prove their damages and that he did not want Findlay to prove the Griffins' damages.

"Where a witness is known, competent, and compellable to testify as to material facts of which he is cognizant, counsel may properly comment in his argument before the jury on the failure of a party to whom the witness is accessible to produce the witness' testimony. *Floyd v. Colonial Stores*, 121 Ga. App. 852 (6) (176 SE2d 111) (1970). . . . *Thompson v. Colter*, 242 Ga. 784 (3) (251 SE2d 526) (1979)." (Punctuation omitted.) *Vaughn v. American Freight System*, 164 Ga. App. 786, 787 (2) (298 SE2d 284) (1982). Findlay's enumeration is without merit.

5. Findlay contends the trial court erred by allowing the Griffins' counsel to link State Farm and Findlay together during closing argument. During his closing argument, Griffins' counsel stated: "Maybe I missed something. I didn't think I fell off the turnip truck on this case. And if I did, I don't think I hit my head too hard. They want to come up here and suggest that poor Ms. Findlay is getting ganged up on by us and State Farm. Who is State Farm helping? Who did State Farm sit over there with and help strike the jury? Who did State Farm sit over there with and whisper in their ear ideas all throughout the trial? Who does State Farm get up here and ridicule and criticize?" The trial court overruled Findlay's objection to this argument.

"Counsel should have ample latitude to argue what has transpired in a case from its inception to its conclusion, and the conduct of the party or his counsel with respect to the case is the subject of legitimate comment, and the range of such comment is necessarily in the discretion of the trial judge; and unless it can be shown that such discretion has been abused and some positive injury done by the remarks of counsel, the discretion of the trial judge will not be controlled." (Citations and punctuation omitted.) *Dictograph Products v. Cooper*, 85 Ga. App. 421, 425 (4) (69 SE2d 821) (1952).

As the Griffins' counsel indicated, Findlay's counsel did attempt to elicit sympathy during his closing argument by stating that, "Mrs. Findlay is being sued by Ms. Griffin and also being sued — I mean, under the uninsured motorist coverage from State Farm, Mrs. Findlay is being sued by them, too. So she's kind of getting it from both sides." The Griffins' counsel's comments were merely responding to Findlay's counsel's arguments. We cannot say that the trial court abused its discretion in allowing the comments objected to by Findlay.

*Judgment reversed. Pope, P. J., and Johnson, J., concur.*

DECIDED MARCH 13, 1997.

*Fain, Major & Wiley, Charles A. Wiley, Jr.*, for appellant.

*Andersen, Davidson & Tate, Gerald Davidson, Jr., William M. Ray II, Cooper & Associates, Craig C. Avery*, for appellees.