A98A0811. ORR v. CSX TRANSPORTATION, INC.
(505 SE2d 45)

MCMURRAY, Presiding Judge.

Plaintiff Nickey Orr, along with five others, brought this claim under the Federal Employers' Liability Act (45 USC § 51 et seq.) against defendant CSX Transportation, Inc. ("CSX"), alleging they sustained "hearing loss [and] ringing in the ears or tinnitus," as a result of defendant's negligence in "failing to provide . . . a safe place to work [and] failing to provide proper ear protection for Plaintiffs . . ." during their employment affecting interstate commerce. CSX denied the material allegations, and after severance of the parties, the action was tried before a jury which returned a defense verdict in response to special interrogatories, expressly finding that CSX was not "negligent in one or more of the particulars alleged. . . ." Plaintiff's motions for new trial and for judgment notwithstanding the verdict were denied, and this appeal followed. *Held*:

1. It was certainly not error for the trial court not to give a written request to charge on hearing loss prevention standards as promulgated by the federal Occupational Safety & Health Administration (OSHA), when such written request was withdrawn by plaintiff. *Graham Bros.' Constr. Co. v. C. W. Matthews Contracting Co.*, 159 Ga. App. 546, 549 (3) (284 SE2d 282).

2. Plaintiff's second enumeration contends the trial court "erred as a matter of law when the court improperly charged the jury by neglecting to include applicable law, and including irrelevant matters, which confused the jury." Plaintiff explains that, "[r]ather than an objection as to the court's failure to give a requested charge, this [compound] enumeration challenges the actual charge which the court gave to the jury." But then plaintiff argues the "failure to give the OSHA regulations as a standard of care in the charge was harmful as a matter of law."

Here, in response to direct inquiry by the trial court, plaintiff interposed the following exception to the charge as given: "[PLAINTIFF'S COUNSEL]: Your Honor, we think that the issue on instructing of the duty to inspect the premises was —. THE COURT: That was your charge number what? [PLAINTIFF'S COUNSEL]: 12. THE COURT: All right. So noted counsel."

(a) "Except as otherwise provided in [OCGA § 5-5-24 (c)], in all civil cases, no party may complain of the giving or the failure to give an instruction to the jury unless he objects thereto before the jury returns its verdict, stating distinctly the matter to which he objects and the grounds of his objection." OCGA § 5-5-24 (a); *Mathews v. Penley*, 242 Ga. 192, 193 (2) (249 SE2d 552). In the case sub judice, plaintiff did not reserve any exceptions to the charge for post-trial motions, and "the objection made at trial is abandoned as it is not enumerated as error. [Cit.]" *Jackson v. Meadows*, 157 Ga. App. 569, 570 (1), 571 (278 SE2d 8). The error enumerated and argued was not preserved for appellate review. Id. at 574 (5).

(b) Nor was the refusal to give the withdrawn request to charge on such OSHA standards as existed while plaintiff was employed by a predecessor railroad company a substantial error, harmful as a matter of law within the meaning of OCGA § 5-5-24 (c). This latter subsection refers "only to the failure to make objection to the charge, and not to those instances where the giving of an instruction, or the failure to give an instruction, is induced by counsel for the complaining party during the course of the trial, or specifically acquiesced in by counsel." *Irvin v. Oliver*, 223 Ga. 193, 195 (2), 196 (154 SE2d 217).

3. Plaintiff moved in limine "to exclude [evidence] and direct the railroad's attorneys not to argue that [plaintiff's] hearing loss was caused by leukemia [or its treatment]." The trial court declined to rule on this motion and instructed plaintiff to "make objections during the course of the trial. [The trial court did not] see any basis to cut it out right now." Thereafter, defendant "call[ed] by deposition Dr. Carlos Osmon . . . (Whereupon, the sworn testimony by deposition of CARLOS A. OSMON, M. D., was read into the record.)" In his third enumeration, plaintiff contends the trial court erred in allowing speculative testimony regarding plaintiff's leukemia and treatment. The trial court has an absolute right to refuse to decide the admissibility of evidence, allegedly violative of some ordinary rule of evidence, prior to trial. *State v. Johnston*, 249 Ga. 413, 414 (3), 415 (291 SE2d 543). The court may reserve ruling on the admissibility of evidence until it is offered during trial. *Morris v. Southern Bell Tel. &c. Co.*, 180 Ga. App. 145 (1) (348 SE2d 573). For aught that appears of record, plaintiff never obtained a ruling from the trial court on his pre-trial motion in limine. Thereafter, he never renewed his objec-

tions to Dr. Osmon's testimony, or, in the one instance where he objected to testimony as speculative, never pursued his objection to a ruling because the witness agreed with the objection. In those instances where plaintiff did not raise a contemporaneous objection, he forfeited his right to insist the testimony should be excluded from evidence. *Sharpe v. Dept. of Transp.*, 267 Ga. 267 (1), 270 (476 SE2d 722). In the one instance where a timely objection was interposed, no ruling was elicited from the trial court. Consequently, this enumeration presents nothing for decision on appeal.

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED JULY 17, 1998.

*Edward S. Cook*, for appellant.
*Casey, Gilson & Williams, James E. Gilson*, for appellee.