A02A1842. DEPARTMENT OF TRANSPORTATION v. ROBINSON et al.

(580 SE2d 535)

RUFFIN, Presiding Judge.

The Department of Transportation ("DOT") condemned a permanent slope easement and temporary driveway easement on property owned by Charles Jerry Robinson and Charles Randall Robinson. The Robinsons appealed the DOT's condemnation declaration, and following trial, a jury awarded them additional compensation. The trial court subsequently denied the DOT's motion for new trial, and the DOT filed this appeal. The DOT asserts that the trial court erred in denying its motion for a directed verdict and in admitting evidence and instructing the jury concerning interference with an easement of access. For reasons that follow, we affirm.

Construed favorably to the jury's verdict, the evidence produced at trial shows that, in 1991, the Robinsons purchased land on U. S. Highway 27 in Polk County and built an automotive repair shop on the property ("the property"). At the time, the Robinsons, under an agreement with the DOT, constructed an acceleration/deceleration lane along the highway for access to and from the shop's driveway. The Robinsons subsequently dedicated the lane to the DOT. Tractor-trailer trucks often visit the shop, and, because of their large turning radius, they need the acceleration/deceleration lane to access the driveway.

In November 2000, the DOT, in connection with a road-widening project, condemned a permanent slope easement along the entire frontage of the property and a temporary driveway easement to allow for reconstruction of the existing driveway. The existing driveway is approximately nine years old and made of concrete. As part of the condemnation, the DOT will construct a new concrete driveway in the same location, but will make it six feet wider than the existing one. The road expansion, however, will eliminate the acceleration/deceleration lane leading to and from the driveway. The elimination of the acceleration/deceleration lane, and whether it is a compensable taking, was a hotly contested issue at trial and is the focus of this appeal.

The Robinsons contend that the DOT's elimination of the lane will interfere with their easement of access to the property. They testified that eliminating the lane will hinder large trucks from entering the property and will require them to devote more of the property to a driveway that will make such access possible. In opposition, the DOT claims that its elimination of the lane is not a taking because the Robinsons did not own the lane — they dedicated it to the DOT approximately ten years earlier. The DOT further contends that, because the Robinsons' driveway is being reconstructed in the exact

location, they cannot claim that elimination of the acceleration/deceleration lane will interfere with their easement of access. The DOT raised these arguments in a motion in limine to exclude evidence of any damages resulting from its elimination of the lane. The trial court denied the DOT's motion and allowed the Robinsons to present evidence showing how elimination of the lane will impact the value of the property.

1. In several enumerations of error, the DOT asserts that the trial court erred in allowing the jury to consider evidence concerning the DOT's interference with the Robinsons' easement of access. According to the DOT, it did not interfere with the easement as a matter of law. We disagree.

The law is clear that the government must compensate a landowner for interfering with his easement of access to a roadway:

> The easement of access is a property right, of which the landowner cannot be deprived upon the ground that the safety of the public traveling upon the highway may be endangered by the exercise of this easement by the abutting landowner, without just and adequate compensation being first paid to the owner. While the landowner is not entitled to access at all points on the boundary between his property and the public right-of-way, he is entitled to *convenient access*, and the *existing means of ingress and egress* may not be substantially interfered with without compensation. The measure of damages is any diminution in the market value of the property by reason of such interference.[1]

The evidence in this case shows such interference. With the acceleration/deceleration lane, the Robinsons' customers have unimpeded access to the property. Many of those customers drive large trucks, which require extensive room to maneuver, and the lane thus provides a critical means for entering the property.[2] Other evidence shows that, after the lane is eliminated, the Robinsons will be required to use more of their property for a driveway to enable the

---

[1] (Citations and punctuation omitted; emphasis supplied.) *DeKalb County v. Glaze*, 189 Ga. App. 1, 2 (1) (375 SE2d 66) (1988). See also *Dept. of Transp. v. Taylor*, 264 Ga. 18, 20 (3) (c) (440 SE2d 652) (1994) (recognizing that, to be compensable, interference with access cannot be that suffered by general public but must be unique to property owner, and "if he has the same access to the highway as he did before the closing, his damage is not special") (emphasis omitted); *MARTA v. Datry*, 235 Ga. 568, 576 (220 SE2d 905) (1975) (a compensable taking occurs "if access to adjoining property is prevented or impaired").

[2] See *Dept. of Transp. v. George*, 202 Ga. App. 270, 272-273 (5) (414 SE2d 307) (1991); *Glaze*, supra at 1.

trucks to enter their business. Thus, it is clear that the existing means of access will be impaired.

It does not matter, as argued by the DOT, that the road widening that will eliminate the acceleration/deceleration lane is restricted to a pre-existing public right-of-way. We rejected the same argument when it was raised by the condemning authority in *DeKalb County v. Glaze*.[3] In that case, the landowner had unlimited access to his store before the county installed curbs within the existing public right-of-way. The curbs left only two points of ingress and egress, impeded parking in front of the store, and made it impossible for large trucks to make deliveries without driving over the curbs. The county argued that the curb installation was not a taking "because the curbs were placed entirely within the existing right-of-way to promote the safety and convenience of the traveling public by improving traffic flow and preventing accidents at the intersection."[4] Notwithstanding the location of the curbs, we found that they could still constitute a taking "if the installation of [the] improvements result[ed] in a substantial impairment of the property owner's 'easement of access.' "[5]

We can discern no reason to treat this case differently. Elimination of the acceleration/deceleration lane is similar to the installation of curbs in *Glaze*. Although neither improvement is on the landowner's property, both nevertheless interfere with access to the property. And, unlike the interference at issue in *Dept. of Transp. v. Taylor*, relied on by the DOT, the improvement here will not result in "an inconvenience shared by the public in general."[6] Rather, removal of the acceleration/deceleration lane, which *exclusively* serves the Robinsons' driveway, uniquely hinders access between their property and the abutting highway. Thus, "the inconvenience is special to the landowner and not that shared by the public in general."[7] Under these circumstances, the trial court did not err in admitting evidence concerning the DOT's interference with the easement of access.[8]

2. The DOT also argues that the trial court erred in admitting evidence of the undepreciated replacement cost of the acceleration/deceleration lane. In support of their claim for damages, the Robinsons presented the testimony of a paving contractor who had constructed numerous such lanes. The paving contractor testified that it would currently cost approximately $38,000 to construct the lane. The DOT asserts that the trial court erred in admitting this testi-

---

[3] See *Glaze*, supra at 2.
[4] Id.
[5] Id.
[6] *Taylor*, supra at 21.
[7] *Dept. of Transp. v. Bridges*, 268 Ga. 258, 259 (486 SE2d 593) (1997).
[8] See *George*, supra.

mony because there was no evidence of depreciation.[9] But, as stated by the trial court, the paving contractor "testified without objection." Although the DOT repeatedly objected on the grounds raised here before the contractor testified, the trial court reserved ruling until the objection was raised "during the course of his testimony." Having failed to contemporaneously object, the DOT waived the objection on appeal.[10]

3. Finally, the DOT asserts that the trial court erred in submitting to the jury the question of whether the DOT interfered with the Robinsons' easement of access. According to the DOT, this was a question of law for the court to decide.

In support of this contention, the DOT cites *Taylor*, where our Supreme Court ruled that "[w]hether there is a compensable taking of an adjoining property owner's easement of access to a public road is a question of law to be determined by the court."[11] According to the DOT, this statement from *Taylor* implicitly overruled *Glaze*, where this Court held that "[w]hether the openings left in the curbs by the county provided reasonable access to the property under the circumstances and whether the existing access was 'substantially interfered with' were questions of fact to be resolved by the jury."[12] Thus, the DOT contends that the trial court in this case erred by submitting the issue to the jury.

We do not believe, however, that the Court in *Taylor* intended its ruling to extend to cases like this one and *Glaze*, which involve an interference that uniquely impacts the condemnees' access. Unlike these cases, *Taylor* concerned "an inconvenience shared by the public in general."[13] The court in *Taylor* distinguished the two types of interferences, and its ruling appears to be limited to those instances where the inconvenience caused by the road improvement is shared by the general public.[14] Indeed, it is well established that such shared inconveniences are not compensable as a matter of law.[15]

Furthermore, in ruling that the issue was a question of law, the court cited its earlier decision in *MARTA v. Fountain*.[16] And *Fountain*, which also involved a common inconvenience, merely holds that "[t]he issue of condemnation or not is *ordinarily* a question of law for

---

[9] See *MARTA v. Dendy*, 250 Ga. 538, 541-542 (1) (a) (299 SE2d 876) (1983) (ruling that, to prove fair market value of property with evidence of replacement cost, condemnee must present sufficient proof of depreciation).

[10] See *Orr v. CSX Transp.*, 233 Ga. App. 530, 532 (3) (505 SE2d 45) (1998).

[11] *Taylor*, supra at 21 (4).

[12] *Glaze*, supra at 2.

[13] *Taylor*, supra at 21.

[14] See id. at 20-21.

[15] See id. at 20.

[16] 256 Ga. 732, 734 (352 SE2d 781) (1987). See *Taylor*, supra at 21, citing *Fountain*.

the courts."[17] The court in *Fountain* did not rule that the issue is always a question of law.[18]

In any event, even if the trial court was required to decide the question as a matter of law, we find no reversible error. We review questions of law under a de novo standard,[19] and applying the law to the facts of this case, we conclude, as a matter of law, that the DOT substantially interfered with the Robinsons' easement of access. Inasmuch as the jury reached the same conclusion, we find no cause for reversal.[20] For the same reasons, we conclude that the trial court properly denied the DOT's motion for directed verdict.[21]

4. Finally, we find no error in the trial court's refusal to give the DOT's requested charge on interference with access. The record shows that the same principles were fairly covered by the court's instructions.[22]

*Judgment affirmed. Barnes and Adams, JJ., concur.*

DECIDED JANUARY 13, 2003 —
RECONSIDERATION DENIED MARCH 31, 2003 — ■■■■■■■■■

*Thurbert E. Baker, Attorney General, R. O. Lerer, Senior Assistant Attorney General, Weiner, Yancey, Dempsey & Diggs, Thomas C. Dempsey, James R. Crawford,* for appellant.

*Gammon & Anderson, W. Wright Gammon, Jr.,* for appellees.

---

[17] (Emphasis supplied.) *Fountain,* supra at 734.

[18] See id.

[19] See *Saturna v. Bickley Constr. Co.,* 252 Ga. App. 140 (555 SE2d 825) (2001).

[20] *Fountain,* supra (although interference with access case erroneously submitted to the jury, the jurors nevertheless reached the correct decision, requiring the judgment to be affirmed).

[21] See *Glaze,* supra at 3; *Dept. of Transp. v. Pilgrim,* 183 Ga. App. 470, 471 (1) (359 SE2d 227) (1987) (physical precedent only).

[22] See *Green v. State,* 240 Ga. App. 774, 777 (1) (525 SE2d 154) (1999).