A04A1526. F. D. WILSON TRUCKING COMPANY, INC. et al.
v. FERNEYHOUGH et al.

(605 SE2d 132)

BLACKBURN, Presiding Judge.

Following a civil jury trial, F. D. Wilson Trucking Company and its insurer Canal Insurance Company appeal the judgment entered against them in favor of plaintiff Cynthia Ferneyhough, who was injured in a vehicle accident involving a tractor-trailer operated by Wilson. Wilson and Canal argue that the trial court erred in: (1) denying their motion for mistrial for inflammatory statements made during plaintiffs' closing argument; (2) admitting a traffic citation that reflected a guilty plea by Wilson's driver; and (3) admitting the testimony of a police officer who expressed an opinion as to the ultimate issue. For the reasons set forth below, we affirm.

Construed in favor of the verdict, the evidence shows that the Wilson driver had slept only four hours before beginning his journey and, while driving the Wilson tractor-trailer, looked away from the roadway to adjust his radio. When the driver looked up, he saw another tractor-trailer traveling more slowly in his same lane and, unable to brake quickly enough, struck the rear end of the second truck. This caused the Wilson truck to jackknife with its trailer straddling the freeway's two lanes. The Ferneyhoughs were following the Wilson truck and were forced to brake and veer to the right to avoid a direct collision. The Ferneyhough vehicle went onto the road's shoulder and flipped over, resulting in permanent injuries to Mrs. Ferneyhough.

The Ferneyhoughs sued Wilson, its driver, and its insurer Canal, as well as the owner, driver, and insurer of the second truck. The Ferneyhoughs eventually dismissed the two individual drivers, and a jury awarded Mrs. Ferneyhough $145,000 against Wilson and Canal. Wilson and Canal appeal this award.

1. Wilson and Canal first argue that the trial court erred in overruling their objections and motion for mistrial, which arose out of statements made during plaintiffs' closing argument. OCGA § 9-10-185 imposes a duty on the court to rebuke counsel for "statements of prejudicial matters which are not in evidence." Wilson and Canal complain about counsel's rhetoric that defendants had "beat up" on the plaintiffs during the litigation, had tried to "crush" plaintiffs "like a bug," had lied and cheated and stole from the plaintiffs, had brought in paid witnesses to dispute plaintiffs' claims, and had engaged in "corporate greed" as demonstrated by the infamous Enron and Adelphia corporations. Seeking compensatory damages, plaintiffs asked the jury to treat the defendants as the defendants had treated plaintiffs. Wilson and Canal objected to this latter argument, claiming it was seeking punitive damages, and further argued that the

other statements were unsupported by the evidence. The trial court overruled the objections and denied defendants' related motion for mistrial.

In ruling upon motions or objections to improper closing argument, the trial court is vested with a sound discretion, and this Court will not grant a new trial unless there has been a manifest abuse of that discretion. *Hartford Fire Ins. Co. v. Rowland.*[1] "Flights of oratory and false logic do not call for mistrials or rebuke. It is the introduction of facts not in evidence that requires the application of such remedies." (Punctuation omitted.) *Johnson v. State.*[2] Thus, *Head v. State*[3] held:

> Counsel enjoys very wide latitude in closing arguments, and may make use of well-known historical facts and illustrations, so long as he does not make extrinsic or prejudicial statements that have no basis in the evidence. . . . Counsel's illustrations during closing argument may be as various as are the resources of his genius; his argumentation as full and profound as his learning can make it; and he may, if he will, give play to his wit, or wing to his imagination.

(Punctuation and footnotes omitted.) In giving play to such wit or wing to such imagination, counsel "should have ample latitude to argue what has transpired in a case from its inception to its conclusion, and the conduct of the party or his counsel with respect to the case is the subject of legitimate comment," tethered only by the sound discretion of the judge. *Adkins v. Flagg.*[4] See *Findlay v. Griffin.*[5]

We discern no abuse of discretion in the trial court's conclusion that the Ferneyhoughs' statements were within these parameters. Unlike *Shaw v. Brannon,*[6] the Ferneyhoughs did not ask the jury to send a message or to award punitive damages. Constricted by their request for only compensatory damages, their admonition that defendants had engaged in wrongdoing and should be treated as they treated the Ferneyhoughs fell within allowable argument. Such merely reflects the natural consequence of awarding compensatory damages, which is that defendants are motivated to change their conduct to avoid future awards of compensatory damages. In denying the motion for mistrial, the court noted that plaintiffs clearly stated

---

[1] *Hartford Fire Ins. Co. v. Rowland,* 181 Ga. App. 213, 218 (3) (351 SE2d 650) (1986).

[2] *Johnson v. State,* 187 Ga. App. 803, 804 (4) (371 SE2d 419) (1988).

[3] *Head v. State,* 276 Ga. 131, 135 (6) (575 SE2d 883) (2003).

[4] *Adkins v. Flagg,* 147 Ga. 136, 137 (2) (a) (93 SE 92) (1917).

[5] *Findlay v. Griffin,* 225 Ga. App. 475, 477 (5) (484 SE2d 80) (1997).

[6] *Shaw v. Brannon,* 253 Ga. App. 673, 674-675 (3) (560 SE2d 289) (2002).

to the jury that they were only seeking compensatory damages.

Also allowable were the graphic statements about "beating up" the Ferneyhoughs and trying to crush them "like a bug." Such flights of oratory were simply inferential comments on the conduct of Wilson and Canal in this hard-fought litigation in which these defendants adamantly denied liability and thoroughly cross-examined Mrs. Ferneyhough about previous minor injuries and caffeine-drinking habits. Similarly inferential was the comparison of these parties to well-known corporations such as Enron, which corporation — like the defendants arguably acted here — acted out of greed in denying any wrongdoing or liability. To the extent the jury may have misunderstood the analogy, plaintiffs' counsel carefully clarified that the case was against only the named defendants, and that those were "the only defendants you are to consider in this case and . . . against which you will be . . . rendering a verdict. And the case is not against Enron. I use Enron as an example. But it is not against Enron . . . because this case can only deal with what happened in this particular situation."

Regarding the statement that defendants had brought in paid witnesses to dispute plaintiffs' claims, the evidence showed that Wilson and Canal hired an expert witness to testify, whose testimony disputed the Ferneyhoughs' claims. The "lying" accusation was based on Wilson's driver denying at trial that he was distracted by the radio even though he told police at the scene otherwise. The "stealing" comment related to the taking away of Mrs. Ferneyhough's quality of life through her injuries. The "cheating" comment related to (a) testimony showing that Wilson did not produce its driver's driving logs (reflecting his rest periods, etc.), even though evidence showed that those logs were left in the Wilson truck, and (b) Canal's decision not to have its representative (who investigated the accident the day after it occurred and may have obtained the logs) testify. See OCGA § 24-4-22 (a jury may presume against a party who fails to produce evidence in its control); *Findlay*, supra at 477 (4) (counsel may properly comment on a witness's absence).

Because some evidence formed the basis for counsel's statements in closing argument, the trial court did not abuse its discretion in overruling Wilson and Canal's objections thereto and in denying their motion for mistrial.

2. Wilson and Canal contend that the trial court erred in admitting a traffic ticket issued to Wilson's driver that contained a guilty plea to the charge of following too closely.[7] This certified copy of the traffic citation reflected the probate court's finding that Wilson's driver had pled guilty to the charge and that the court had suspended

---

[7] See OCGA § 40-6-49.

the fine, although another section of that citation that was to be signed by a guilty-pleading defendant was left blank. Wilson's driver denied that he pled guilty to the charge.

"In a civil action for damages arising from a motor vehicular collision, a plea of guilty to a traffic violation is admissible as an admission against interest." *Lewis v. Uselton.*[8] Although the citation here was "ambiguous and subject to conflicting interpretations, the citation was relevant if interpreted by the jury as a plea of guilty by [Wilson's driver]." *Hunter v. Hardnett.*[9] As this was a question for the jury, the trial court did not err in admitting the citation. Id. at 443-444 (1).

3. Wilson and Canal claim that the court erred in admitting the deposition testimony of the investigating officer, in which the officer opined that Wilson's driver was following too closely. Prior to trial, Wilson and Canal moved to exclude this testimony. The court reserved ruling on the matter, stating: "Let's deal with it as he testifies. And if it's done by deposition, we'll have to go through the deposition." Counsel for Wilson and Canal agreed, stating, "We can address it in the deposition when we get to that point." During trial, however, when the entire deposition was proffered and read in, Wilson and Canal raised no objections.

Although in a pre-trial hearing a party may move in limine to exclude certain testimony, the decision by the trial court to reserve ruling until the testimony is offered during trial requires the party to renew that objection at the time the testimony is offered. *Orr v. CSX Transp.*[10] "Having failed to contemporaneously object, [Wilson and Canal] waived the objection on appeal." *Dept. of Transp. v. Robinson.*[11]

*Judgment affirmed. Barnes, J., concurs. Mikell, J., concurs fully in Divisions 2 and 3 and specially as to Division 1.*

MIKELL, Judge, concurring specially.

Although I fully concur in Divisions 2 and 3, I concur specially as to Division 1 because I believe that plaintiff's counsel exceeded the permissible parameters of closing argument by urging the jurors to "deal with" the defendants — the "bad" corporations like "Enron and Adelphia" — in the only language they understood: money. However, I concur in the judgment because I believe that the trial judge exercised sound discretion in the way he handled the situation.

---

[8] *Lewis v. Uselton,* 224 Ga. App. 428, 431 (7) (480 SE2d 856) (1997).
[9] *Hunter v. Hardnett,* 199 Ga. App. 443 (1) (405 SE2d 286) (1991).
[10] *Orr v. CSX Transp.,* 233 Ga. App. 530, 531-532 (3) (505 SE2d 45) (1998).
[11] *Dept. of Transp. v. Robinson,* 260 Ga. App. 666, 669 (2) (580 SE2d 535) (2003).

1. In his "flight of oratory" disparaging corporations, counsel said: "But the bad ones need to be dealt with. And they do not get dealt with anywhere. . . . This is the only way you handle . . . companies like this. You have got to speak in their language. . . . It's the language of money. You can't throw them in jail. . . . Anybody from Enron in jail? It's not even worth trying."

As noted in the majority opinion, counsel "may make use of well-known historical facts and illustrations, so long as he [sic] does not make extrinsic or prejudicial statements that have no basis in the evidence."[12] Counsel's mention of the Enron debacle was a prejudicial and extrinsic reference which had no basis in the evidence. Moreover, even though counsel never used the word "punish," the argument was intended to urge the jury to punish the defendants for the sins of Enron. As punitive damages were not at issue, it was inappropriate for counsel to implore the jury to "deal with" the defendants by awarding a dollar amount large enough for them to understand.[13] The arguments concerned retribution, not compensation. The fact that plaintiffs' counsel later "backtracked" from his comments, after an unreported bench conference, does not mean that the extrinsic, prejudicial statements were permissible when they were made.

2. Despite the impropriety of plaintiffs' counsel's remarks in final argument, reversal is not required, because the trial court acted within the exercise of its sound discretion in denying the defendants' motion for mistrial. The record shows that after plaintiffs' counsel made the objectionable remarks, defense counsel asked for a bench conference. When plaintiffs' counsel resumed his argument, he told the jury to "be clear" that the case was against only the named defendants; that those were "the only defendants you are to consider in this case . . . and against which you will be . . . rendering a verdict. And the case is not against Enron. I use Enron as an example. But it is not against Enron . . . because this case can only deal with what happened in this particular situation." In denying the motion for a mistrial, the judge pointed out that after the bench conference, plaintiffs' counsel had "backtracked a bit" from his remarks and had clearly stated to the jury that he was only asking for compensatory damages. "Even where the conduct of counsel exceeds the bounds of propriety, the trial judge is vested with a broad discretion in deter-mining whether to grant a mistrial, and his ruling will not be disturbed unless it appears that his discretion was manifestly abused."[14]

---

[12] *Head v. State*, 276 Ga. 131, 135 (6) (575 SE2d 883) (2003).

[13] See *Gielow v. Strickland*, 185 Ga. App. 85, 86 (363 SE2d 278) (1987) ("A suggestion to the jury that it increase its award for the purpose of punishing the defendant is, therefore, a suggestion that the jury use some other measure of damages than that prescribed by statute.").

[14] *Walker v. Bishop*, 169 Ga. App. 236, 241 (8) (312 SE2d 349) (1983).

I find no abuse of the court's broad discretion in denying the motion for mistrial. It is for the trial court to decide whether counsel's remarks are likely to be discounted by the jury as hyperbole, or whether the jury is likely to be inflamed.

I concur in the judgment and concur fully in Divisions 2 and 3.

DECIDED SEPTEMBER 27, 2004 — 

*Gray & Gilliland, Robert W. Browning,* for appellants.

*Slappey & Sadd, E. Scott Slappey, James N. Sadd, Seacrest, Karesh, Tate & Bicknese, Karsten Bicknese, Daniel S. Wright,* for appellees.