S06A2034. LILLARD et al. v. OWENS et al.
(641 SE2d 511)

BENHAM, Justice.

James H. Lillard died on October 19, 2004, from the effects of cancer which had been diagnosed as terminal in January 2004. Appellants are the decedent's children who were born or adopted[1] during his first marriage which ended in divorce in the early 1970s ("the Lillard children"). Appellees are the decedent's stepchildren who were the biological children of the decedent's second wife, who he married in 1975 and to whom he was married until her death in 2002 ("the Owens children"). The children ranged in age from five to eighteen years when the decedent married his late wife, and neither parent adopted the children of the other. After the decedent's death, the will he executed in his bedroom twelve days prior to his death ("the October will") was submitted for probate in solemn form by the executors named therein, two of the Lillard children. The October will left most of the testator's property to appellants, with bequests to the Owens children and an in terrorem clause. The Owens children filed a caveat in which they alleged the testator lacked testamentary capacity to execute the October will and was subjected to undue influence by the Lillard children. The Owens children propounded a will executed by the testator in February 2004 shortly after he had been diagnosed with terminal cancer and which named appellee Karl Owens and appellant Rex Lillard as co-executors ("the February will"), and the Lillard children filed a caveat. For the most part, the February will divided the testator's property evenly among all the children, the exception being the devise of a house and an acre of land to two of the Lillard children (one of whom lived in the house), and the devise of the testator's interest in a business run by two Lillard

---

[1] The decedent's first wife brought a child with her to the marriage and the decedent adopted that child when he married the child's mother.

children and partially owned by Karl Owens to those three children. When the testator executed the October will, he tore in half each page of the February will.

The trial court conducted a six-day trial which culminated in the jury's return of a special verdict in which they found: (1) the October will was not a valid will; (2) the testator had not revoked the February will; and (3) the February will was a valid will. As a result of the verdict, the trial court entered judgment sustaining the caveat to the October will, declaring the testator's purported revocation of the February will was not his free and voluntary act, and finding the February will valid and the caveat thereto without foundation. The trial court ordered the February will admitted to record as the testator's last will and testament, and Letters Testamentary issued to appellee Karl Owens as executor of that will. The Lillards filed a motion for judgment notwithstanding the verdict/motion for new trial, which the trial court denied, and appellants filed a timely notice of appeal to this Court.

1. Appellants maintain the trial court erred when it denied their motion for j.n.o.v. and the portions of their motion for new trial in which they contended the evidence was insufficient to support a finding of undue influence or lack of testamentary capacity. If there is any evidence to support the jury's verdict, the appellate court will uphold the trial court's denial of a motion for new trial based on sufficiency of the evidence. *Maddox v. Maddox*, 278 Ga. 606 (1) (604 SE2d 784) (2004). The denial of a motion for j.n.o.v. will be upheld if there is any evidence to support the jury's verdict when the evidence is construed in a light most favorable to the verdict. *Holland v. Holland*, 277 Ga. 792 (596 SE2d 123) (2004).

"Testamentary capacity exists when the testator has a decided and rational desire as to the disposition of property." OCGA § 53-4-11 (a). The subscribing witnesses testified the testator was lucid when he signed the October will. Appellees presented evidence that in the weeks prior to and after his execution of the October will the testator was taking prescribed narcotic drugs which had as possible side effects hallucination, disorientation, and impaired mental and physical performance, was taking an anti-depressant which could cause confusion, impaired mental concentration, and hallucination, was wearing continuously a duragesic patch, and likely had increased levels of the narcotics in his body due to his liver's decreased eliminative function brought about by the cancer. A pharmacology expert opined that one with decreased liver function who took the level of pain medication reflected in the testator's medical, hospice, and pharmacy records two weeks prior to death "would not be rationally sane." A hospice worker who visited the testator two days before he executed the October will noted in the hospice records that the

testator had difficulty completing his sentences, was somewhat forgetful, and denied having siblings, despite the existence of his sister. A person who visited the testator the day he executed the October will testified she saw one of the Lillard children repeatedly administer medicine to the testator by means of an eye-dropper, the method by which one of the narcotic drugs was administered, and described the testator as "morphined up." Inasmuch as there was evidence upon which the verdict can be based, the trial court did not err when it denied the portion of appellants' motion for new trial contending the testator had testamentary capacity; and inasmuch as the jury was free to disbelieve whatever facts were inconsistent with its conclusion and the trial court could not substitute its conclusion for that of the jury and enter a j.n.o.v. (*King v. Brown*, 280 Ga. 747 (1) (632 SE2d 638) (2006)), the trial court did not err in denying j.n.o.v.

"A will is not valid if anything destroys the testator's freedom of volition, such as . . . undue influence whereby the will of another is substituted for the wishes of the testator." OCGA § 53-4-12. In light of the testator's physical condition and medicated status, a lesser degree of influence would be required to overcome his free will. *Cook v. Huff*, 274 Ga. 186, 187 (552 SE2d 83) (2001). There was evidence the testator was cared for in his home 24 hours a day by the Lillard children who administered medication to the testator; visitors testified a Lillard child was with the testator during visits; the Owens children testified they felt "uncomfortable" when visiting; one of the Lillard children had the testator's financial power of attorney and wrote checks on his accounts and kept his books; two of the Lillard children visited an attorney's office in October in order to have the attorney draft a new will for the testator, and the two Lillard children provided the attorney with the estate distribution plan. One of the Lillard children testified the distribution plan had been related to the Lillard child by the testator. The Lillard child called upon a neighbor and two Lillard cousins of the testator to serve as witnesses to the execution of the will which the attorney brought to the testator's bedside for execution. The same Lillard child was the person who administered medication to the testator via an eye-dropper the day the October will was executed. None of the Lillard children informed any of the Owens children that a new will had been executed, despite having opportunity to do so. There was testimony that the terms of the October will were inconsistent with the testator's repeated statements to others that he wished to treat all his children equally. While this evidence did not demand a finding of undue influence, it was sufficient to authorize the submission of the question of undue influence to the jury and, since the evidence presented at trial did not demand a verdict contrary to that returned by the jury, the trial court did not err when it denied appellants' motion for new trial based on

lack of undue influence and their motion for j.n.o.v. *Cook v. Huff,* supra, 274 Ga. at 187-188.

2. During closing argument, counsel for the Owenses asked rhetorically "how could . . . the October will have been done right?" and proceeded to answer the question. Counsel for the Lillards objected to a portion of the answer as setting forth a legal requirement and contends on appeal that opposing counsel provided an incorrect legal opinion as to the standard of care a lawyer must provide when preparing a will in Georgia. "Counsel is permitted wide latitude in closing argument and any limitation of argument is a matter for the [trial] court's discretion." *Brown v. State,* 268 Ga. 354, 360 (8) (490 SE2d 75) (1997); *F.D. Wilson Trucking Co. v. Ferneyhough,* 269 Ga. App. 736 (1) (605 SE2d 132) (2004). In light of testimony that outlined a procedure for executing a will, the argument at issue fell within that wide latitude. See *Head v. State,* 276 Ga. 131 (6) (575 SE2d 883) (2003).

3. During appellees' case-in-chief, the trial court permitted appellees to recall a witness previously cross-examined by counsel for appellees in order that counsel for appellees could impeach her by conviction. Appellants argue on appeal the trial court abused its discretion when it permitted the witness to be recalled to the stand solely for the purpose of impeaching her. " 'The recalling of a witness for further examination at the instance of either party is always within the discretion of the trial judge' [cit.]" (*Smith v. State,* 261 Ga. App. 871, 875 (3) (583 SE2d 914) (2003)), and "this court will never control [that discretion] unless manifestly abused." *Dixon v. State,* 116 Ga. 186, hn. 5 (42 SE 357) (1902). In the absence of a showing of a manifest abuse of the trial court's discretion, we conclude there was no error in permitting appellees to recall the witness.

4. Appellants' remaining enumerated errors (the content of the jury charge on undue influence, the trial court's conversation with the jury while delivering a "dynamite" charge, whether an expert's opinion exceeded his expertise) were not preserved for appellate review in the absence of objection in the trial court. OCGA § 5-5-24 (a); *Byrd v. Shelley,* 279 Ga. App. 886 (1) (633 SE2d 56) (2006) (issues not preserved for appeal due to lack of timely objection ruled upon by the trial court).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 8, 2007 —
RECONSIDERATION DENIED FEBRUARY 26, 2007.

*M. Francis Stubbs, Savage, Turner, Pinson & Karsman, Brent J. Savage, Christopher D. Britt, Kathryn H. Pinckney,* for appellants.
*Glen A. Cheney,* for appellees.