A08A1380. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. TURPIN et al.

(668 SE2d 518)

MIKELL, Judge.

Terry Joe Turpin and his wife, Katina Turpin, brought a personal injury action against Joan Graham, seeking recovery of damages for injuries resulting from a collision, which occurred when Turpin was driving and Graham's car pulled into the path of Mr. Turpin's vehicle. Graham did not answer the complaint, but Georgia Farm Bureau Mutual Insurance Company ("Farm Bureau"), the Turpins' uninsured/underinsured motorist carrier, filed its response and cross-claim, declaring its right to judgment against Graham should it be required to pay any sums to the Turpins by way of settlement or judgment. Graham's liability was admitted, and the case proceeded to trial on the issue of damages, resulting in a jury verdict in favor of Mr. Turpin in the amount of $200,000, and in favor of Mrs. Turpin in the amount of $40,000, both against Graham. The jury also entered a verdict in favor of Farm Bureau against Graham on the cross-claim in the same amounts. Due to the Turpins' uninsured motorist policy limits, the judgment was revised to award Mr. Turpin $125,000 and $40,000 to Mrs. Turpin, both against Farm Bureau. Farm Bureau appeals, arguing that the trial court erred in failing to give its requested charges on impeachment and the duty to mitigate. Finding no error, we affirm.

1. Farm Bureau argues that the trial court should have charged the jury on parts a and b of the pattern charge on impeachment. Farm Bureau's requested charge was taken from Suggested Pattern Jury Instructions, Vol. I: Civil Cases, § 02.150 (4th ed.), and provided

as follows: "A witness may be impeached (a) by disproving the facts about which the witness testifies, [and] (b) by proof of contradictory statements previously made by the witness about matters relevant to the testimony and to the case." Farm Bureau maintains that the charge was warranted because the Turpins' trial testimony contradicted their previous statements or actions. We disagree.

The record shows that Mr. Turpin sustained a compression fracture to the L-1 vertebrae of his spine and a fracture to his sternum, which necessitated a four-day hospital stay. Mr. Turpin was treated by a neurological surgeon, Timothy Phillips, who saw Mr. Turpin three times after his discharge from the hospital. Upon Dr. Phillips's initial assessment of Mr. Turpin, he recommended that Mr. Turpin wear a hyperextension brace to force him to stand erectly because of the compression fracture, physical therapy for ambulation, pain medication for pain relief, and a follow-up visit. During the course of his treatment with Dr. Phillips, Mr. Turpin reported less discomfort at each visit and continually decreased his medications and on the last visit, was instructed to stop wearing his back brace and to increase his activities. Dr. Phillips testified by way of deposition that Mr. Turpin could continue to have some problems with his back and that he had a 40 percent compression of his vertebrae as a permanent injury. At trial, Mr. Turpin testified that he did improve while under Dr. Phillips's care, but that he still has problems with his back, his shoulder, and his hand and that he had not seen a doctor about the problems in more than a year because the pain was intermittent and he did not know what the doctors could do to help. Mr. Turpin acknowledged that he did have moments when he was free of pain. Farm Bureau maintains that Mr. Turpin's trial testimony was contradicted by the fact that he did not return to the doctor for further treatment.

Farm Bureau also maintains that alleged contradictions in Mrs. Turpin's testimony warranted the impeachment charge. Mrs. Turpin testified at trial that her knee was scarred and that she continued to experience pain in the knee upon any type of contact with it. When she was asked why she had not seen a medical professional for her knee pain, Mrs. Turpin testified that she had a scar on her stomach from a previous surgery that caused her a similar type of pain, so she treated the knee similarly by applying olive oil or vitamin E to the scar and that she did not want to have knee surgery. Farm Bureau points out that Mrs. Turpin, who was treated in the emergency room on the day of the accident and with a chiropractor for the following two months, never mentioned the laceration to her knee to the chiropractor or received any treatment for her knee.

"For a refusal to charge to be error, the request must be correct, adjusted to the evidence, and not otherwise covered in the general charge."[1] Farm Bureau's requested charge referred to impeachment by disproving facts the witness testified to *and* by contradictory statements. "Impeachment by disproving facts to which a witness testifies and impeachment by contradictory statements previously made by a witness are two separate and distinct forms of impeachment."[2] Farm Bureau did not offer evidence that disproved the facts to which the Turpins testified nor did we find such evidence. Therefore, the portion of the charge that pertained to impeachment by disproving facts testified to was not applicable.

Even if we concluded that the second portion of the charge applied because the Turpins' prior statements were contradictory, the refusal to give the charge as written nonetheless did not constitute error. As we stated in *Waszczak*,[3] where the impeachment charge requested was similar to that requested in the instant case and there was no evidence of impeachment by disproving the facts to which the witness testified,[4] we held that

> though part of the . . . requested charge regarding impeachment may have been applicable [impeachment by contradictory statements], it was not reversible error for the trial court to refuse to give the imperfect request. The court may refuse requests which need qualifications, modification or restriction. It has been said that unless the charge ought to be given in the very terms in which requested, it should be refused altogether. The trial court is not under any obligation to rewrite an instruction which either party requests to be given.[5]

Similarly, in *Leonard*,[6] upon which *Waszczak* relies, the appellant requested a charge on impeachment by prior inconsistent statements and by general bad character.[7] We found that the impeachment charge was not warranted because only one part of the charge applied, stating that

---

[1] (Citation omitted.) *Sharp v. Fagan*, 215 Ga. App. 44, 46 (4) (449 SE2d 648) (1994). Accord *Waszczak v. City of Warner Robins*, 221 Ga. App. 528, 530 (2) (471 SE2d 572) (1996).

[2] *Waszczak*, supra. See OCGA §§ 24-9-82; 24-9-83.

[3] Supra.

[4] Id. at 530 (2).

[5] (Citation, punctuation, footnote and emphasis omitted.) Id., citing *Leonard v. Miller*, 207 Ga. App. 602, 604 (3) (428 SE2d 646) (1993).

[6] Supra.

[7] Id. at 604 (3).

66

> even though ... *part* of appellant's request regarding impeachment by prior inconsistent statements could have been given, it was not reversible error for the trial court to refuse to give *any* part thereof. ... The inapplicability of that part of appellant's request regarding impeachment by general bad character rendered the request, as a whole, imperfect and the trial court was authorized to refuse to give it on that ground.[8]

In this case, because the portion of the charge referring to impeachment by disproving facts did not apply, the trial court was authorized to refuse the entire charge. The trial court's charge to the jury that it could consider the witnesses' manner of testifying and demeanor as well as the probability or improbability of their testimony and their personal credibility adequately covered the necessary principles.[9]

2. Farm Bureau also argues that the trial court should have given its requested charge on the duty to mitigate damages. The proposed charge read as follows: "When a person is injured by the negligence of another, he or she must mitigate his or her damages as far as is practicable by the use of ordinary care and diligence." This is a correct statement of law as it tracks precisely the language of OCGA § 51-12-11. However, a charge is only justified when there is some evidence upon which to base it,[10] and in this case, there was no such evidence.

"The burden is upon the party asserting that the opposite party could have lessened his damages, and such proof must include sufficient data to allow the jury to reasonably estimate how much the damages could have been mitigated."[11] In support of its argument that the trial court should have charged the jury on the appellees' duty to mitigate, they rely solely on *Findlay v. Griffin*[12] and *Dascombe v. Hanley*,[13] both of which are distinguishable from the instant case. In *Findlay*, we held that the charge on the duty to mitigate was required where there was evidence introduced that the plaintiff

---

[8] (Citation and punctuation omitted; emphasis in original.) *Leonard*, supra. Accord *Waszczak*, supra.

[9] See *Waszczak*, supra; *Leonard*, supra. See generally *Sharp*, supra (rejecting appellant's claim that charge on impeachment was necessary because plaintiff was impeached by means of a prior inconsistent statement on a nonmaterial matter during cross-examination).

[10] See *Hannula v. Ramey*, 177 Ga. App. 512, 513 (2) (339 SE2d 735) (1986).

[11] (Punctuation omitted.) *Glenn McClendon Trucking Co. v. Williams*, 183 Ga. App. 508, 512 (6) (359 SE2d 351) (1987), citing *Nat. Health Svcs. v. Townsend*, 130 Ga. App. 700, 703 (3) (204 SE2d 299) (1974).

[12] 225 Ga. App. 475 (484 SE2d 80) (1997).

[13] 270 Ga. App. 355 (606 SE2d 602) (2004).

stopped treatment.[14] Similarly, in *Dascombe*, we held that the charge on duty to mitigate was required where plaintiff failed to obtain the recommended treatment.[15] In this case, Farm Bureau presented no evidence that the Turpins engaged in activities that aggravated their conditions,[16] stopped treatment despite medical advice,[17] failed to obtain available treatment for their injuries,[18] or otherwise failed to exercise ordinary care and diligence.[19] Accordingly, the trial court did not err by refusing the charge on the duty to mitigate damages.

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED OCTOBER 16, 2008 — 

*Fain, Major, Wiley & Brennan, Charles A. Wiley, Jr.*, for appellant.

*James D. Crowe*, for appellees.

---

[14] *Findlay*, supra at 476 (2).

[15] *Dascombe*, supra at 360 (3).

[16] Compare *Hannula*, supra (charge on duty to mitigate should have been given where there was evidence presented to raise a jury question about whether plaintiff aggravated her condition).

[17] See *Findlay*, supra.

[18] See *Dascombe*, supra.

[19] See *Glenn McClendon Trucking Co.*, supra (charge on mitigation of damages not required where there was no evidence that plaintiffs failed to avoid any part of their damages).