**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**MCMILLIAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 13, 2020**

# In the Court of Appeals of Georgia

A19A1991. LUCAS v. CHARLES SCHWAB & COMPANY INC. IRA ACCOUNT NO. XXXX-2410 et al.

MCFADDEN, Chief Judge.

This is a dispute about the ownership of Nicholas Baches' IRA. After Baches died, his sister, Martha Baches Lucas, filed this action seeking a declaration that Baches' estate, not the named beneficiary, owns the account. The named beneficiary is his former wife, Sharon Baches.

The case went to trial. The jury returned a special verdict, upon which the trial court entered judgment, holding that the named beneficiary owns the account. Lucas appeals the denial of her motion for judgment notwithstanding the verdict. She argues that no evidence supports the judgment. Because some evidence does support the judgment, we affirm.

1. *Trial evidence and procedural posture.*

"The denial of a motion for [judgment notwithstanding the verdict] will be upheld if there is any evidence to support the jury's verdict when the evidence is construed in a light most favorable to the verdict." *Lillard v. Owens*, 281 Ga. 619, 620 (1) (641 SE2d 511) (2007).

So viewed, the evidence at trial showed that Nicholas Baches and Sharon Baches were married for 12 years. They remained friends after they divorced, and Nicholas Baches made a bequest to Sharon Baches in his will.

Nicholas Baches had multiple sclerosis which limited his physical but not his mental abilities. He was unable to walk, was wheelchair bound, and had around-the-clock, live-in care.

His personal assistant was Norma Wages — who is Sharon Baches' sister. From 2010 until mid-2013, she worked two or three days a week in that capacity. She ran errands for him, drove him to appointments, cared for his cats, retrieved his mail from the mail box, opened and answered his mail, wrote checks to pay his bills and to pay wages for herself and the other people that cared for him, and did whatever else he needed her to do.

In June 2012, Nicholas Baches transferred his IRA from Ameriprise Financial to Charles Schwab & Co., Inc. Wages completed the application to transfer the account. She listed Sharon Baches as the account's primary beneficiary.

Wages testified that Nicholas Baches instructed her to list Sharon Baches as the primary beneficiary and authorized her to sign the application. Nicholas Baches received statements from Schwab and spoke with Schwab representatives over the telephone about the account.

After Nicholas Baches' death, Lucas filed this action seeking a declaration that the proceeds from the IRA belonged to Nicholas Baches' estate. After a two-day trial, the jury returned a special verdict. They found that Nicholas Baches did not authorize Wages to act as his agent when she completed the account application on his behalf, but that he later ratified that action.

The trial court entered a judgment on the verdict, directing that the IRA be distributed to Sharon Baches in whatever manner she elected. Lucas filed a motion for a judgment notwithstanding the verdict, which the trial court denied. This appeal followed.

2. *Some evidence supports the judgment*.

Lucas argues that there was no evidence that Nicholas Baches knew that Wages had listed Sharon Baches as the beneficiary of the IRA, so, contrary to the jury's special verdict, he was legally incapable of ratifying that action. We disagree.

"The relation of principal and agent arises wherever one person, expressly or by implication, authorizes another to act for him or subsequently ratifies the acts of another in his behalf." OCGA § 10-6-1. But "in order for a ratification to be binding, the principal must have had full knowledge of all material facts." *McKean v. GGNSC Atlanta, LLC*, 329 Ga. App. 507, 511 (1) (b) (765 SE2d 681) (2014) (citation omitted). Wages testified that Nicholas Baches instructed her to list her sister as the primary beneficiary. From this evidence, the jury could conclude that Nicholas Baches knew that Sharon Baches was listed as the beneficiary and thus ratified Wages' listing Sharon Baches as the account beneficiary. See *Allen & Bean, Inc. v. American Bankers Ins. Co.*, 153 Ga. App. 617, 619 (266 SE2d 295) (1980) (if there is evidence of knowledge, whether there is a ratification is a jury question).

Lucas argues that implicit in the jury's finding that Nicholas Baches did not authorize Wages to act as his agent is a finding that he "could not know how [Wages] filled out the [a]ccount [a]pplication. This lack of knowledge included, specifically, that [Wages] named Sharon [Baches] beneficiary on the [a]ccount [a]pplication." We

4

reject the argument that implicit in the jury's verdict is a finding that Nicholas Baches did not know how Wages completed the account application.

> [U]nder OCGA § 9-12-4, verdicts shall have a reasonable intendment and shall receive a reasonable construction. They shall not be avoided unless from necessity. Thus, the presumptions are in favor of the validity of verdicts, and if possible[,] a construction will be given which will uphold them. Even if the verdict is ambiguous and susceptible of two constructions, one of which would uphold it and one of which would defeat it, that which would uphold it is to be applied. Furthermore, in determining the proper interpretation of a jury verdict and to remove any ambiguity, the trial court may question the jury prior to disbursal in order to clarify the jury's intent.

*Anthony v. Gator Cochran Constr.*, 288 Ga. 79, 80-81 (702 SE2d 139) (2010) (citation and punctuation omitted).

As Sharon Baches argues, we are not privy to the reasons the jury rejected her claim that Nicholas Baches authorized Wages to complete the form yet found that he ratified Wages' actions. But the trial court had instructed the jury that "[w]hen agency is sought to be proved by ratification, it must appear that the principal had full knowledge of all material facts in connection with the transaction in question, and that with that knowledge, he or she accepted or received the benefits of the allegedly unauthorized act." Perhaps the jury concluded that Wages and Nicholas Baches

5

completed the application together with Wages actually writing in the answers in the blank spaces, that Wages did not have specific authority to sign Nicholas Baches' name, yet that by using the account, Nicholas Baches ratified Wages' actions in signing his name. "Although a verdict that is contradictory is void, verdicts are to be reasonably construed and not avoided unless from necessity." *Hewitt Assocs., LLC v. Rollins, Inc.*, 308 Ga. App. 848, 854 (5) (708 SE2d 697) (2011) (citations and punctuation omitted). The jury's verdict may be reasonably construed in a way that upholds it. Thus we reject Lucas' argument, which would negate a portion of the verdict.

*Judgment affirmed. McMillian, P. J., and Senior Appellate Judge Herbert E. Phipps concur*.